## WOODMAN and another *v.* ELY and another.

*(Circuit Court, W. D. Michigan, N. D.* June 9, 1880.)

TAXATION—COLLECTION—INJUNCTION.—A court of equity will not restrain the collection of a tax, upon a purely legal objection, where the land has been duly assessed.

SAME—VALUATION—INJUNCTION.—A court of equity will not restrain the collection of a tax upon the ground of excessive valuation.

SAME—JURISDICTION.—The criterion of jurisdiction is the amount of the tax in dispute.

In Equity. Hearing on pleadings and proofs.

*S. S. Olds,* for complainants.

*L. D. Norris,* for defendants.

WITHEY, D. J. Bill to restrain the collection of taxes upon the undivided three-fourths of what are known as canal-land groups 666, 667, 668 and 669, in Mackinaw county, Michigan, for the year 1877. Upon the other undivided quarter the

taxes have been paid. Complainant Woodman owns a half, and Washburne a quarter interest.

Prior to 1877 the lands were assessed at five dollars per acre; in that year they were assessed at $10. It is alleged in the bill of complaint that no assessment roll was made out until sometime in June, 1877, and that these complainants were thereby deprived of the opportunity which the statute gives them as owners of the land to show cause on the third Monday of May and on the two following days, at the supervisor's office, why the assessment as to the valuation thereof should be altered. It is admitted that complainants did not visit the supervisor's office upon either of the days named, so that if the valuation was excessive, in the opinion of the tax payers, they lost nothing by the supervisor's delay in not completing the roll until June.

The question was presented whether the supervisor has any power to make out his assessment roll subsequent to the time when it is to be ready for review in May. Whatever view I might take, the supreme court of Michigan, as I understand the ruling in the case of *The Albany & Boston Mining Co.* v. *Auditor General*, 37 Mich. 391, has settled the question against complainants. Chief Justice Cooley, p. 397, speaks of the failure of the supervisor to have his roll ready as a mere irregularity, and the case holds that upon a purely legal objection a party whose land has been assessed cannot come into a court of equity to have the collection of the tax restrained. The supreme court of the United States, in *State Railroad Tax Cases*, 92 U. S. 613, says: "It has been repeatedly decided that neither the mere illegality of the tax complained of, nor its injustice, nor irregularity, of themselves, give the right to an injunction in a court of equity."

According to these decisions, in addition to the alleged illegality of the assessment, complainants were bound to have made a clear case for equitable relief before they were entitled to have the collection of a tax enjoined.

The bill alleges a fraudulently excessive levy, and inequality in the valuations on the roll. Mere excessive valuation does not justify an injunction restraining the collection of a

tax, and there is an entire failure to prove fraud on the part of the assessor. The only evidence tending to establish inequality of valuation is that in 1876 these lands were assessed not above five dollars an acre; that in 1877 they were (most of them) assessed $10 an acre. A witness testifies that the lands of the Mackinaw Lumber Company, in the same township, were assessed not above five dollars an acre. Both tracts are pine land, and the same witness testifies that complainants' lands are not worth over five dollas an acre. There is other evidence as to their value not exceeding that sum, but there is no testimony to show the comparative value of the two tracts, or why one tract or description should not be valued higher than another. There is, therefore, no ground for saying that complainants are entitled to be relieved as tax payers on the ground of inequality or injustice in the assessment of their property, if the ground was sufficient.

The amount of the tax which they dispute as illegal and fraudulent does not exceed $500, and it is not believed, therefore, that the court has jurisdiction. The entire tax against the three-fourths interest of these complaints was $920.76. They tendered to the auditor general $650 as a just amount of tax for them to pay, leaving only $270.76 in dispute. Complainants claim that it is the value of their interest in the land that controls as to jurisdiction. But we regard the amount of tax in dispute as the criterion of jurisdiction, so far as depends upon the sum or value in dispute. *Adams* v. *Board of County Commissioners,* McCahon's R. 241. The bill is dismissed upon all the grounds stated.