# Staunton.

## The Douglas Co. v. Commonwealth.

### September 14, 1899.

1. Assessment of Land for Taxes—*Several Tracts—Excessive Acreage of One Tract—Remedy.*—Lands are assessed for taxation in separate tracts or parcels, and each tract must bear its share of the burden of taxation. The fact that one tract is assessed at a greater acreage than it contains does not justify the Commissioner of the Revenue in diminishing the acreage of another distinct tract, or in dropping it from the tax-books, even though both tracts be owned by the same person. The proper remedy is by a proceeding to correct the erroneous assessment.

2. Taxes—*Erroneous Assessment—Proceeding to Correct.*—In a proceeding to correct an erroneous assessment of land, the validity of that assessment cannot be determined by inquiring whether another tract, separately entered for taxation, has been assessed at more than the acreage actually contained therein.

3. Taxes—*Omitted Lands—Reinstatement—What Taxes to be Charged— Constitutional Law—Amendment XIV. of Constitution of United States.*—Under the provisions of section 479 of the Code, where land has been improperly dropped from the land-books it is the duty of the Commissioner of the Revenue to reinstate it, and charge on it taxes at the rate imposed by law for each year it has been omitted, together with lawful interest on each year's taxes. This section of the Code is not in conflict with the Fourteenth Amendment to the Constitution of the United States, as ample provision is made by sections 567 and 568 of the Code to have the action of the Commissioner reviewed, and, if erroneous, reversed.

4. Taxes—*Omitted Lands—In what Name Reinstated—Sec. 479 of Code.*— If the records fail to disclose any change of ownership of land between the time when it was dropped from the land-books and the time it is reinstated, it should be reinstated in the name in which it stood when dropped. That person is the true owner within the meaning of section 479 of the Code.

Error to a judgment of the Circuit Court of Smyth county, rendered March 31, 1899, affirming the judgment of the County Court of said county, in a proceeding by motion to correct an erroneous assessment of lands, which motion was dismissed.

*Affirmed.*

The opinion states the case.

*James H. Gilmore* and *Daniel Trigg*, for the plaintiff in error.

*Attorney-General A. J. Montague* and *George W. Richardson,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This writ of error is to a judgment of the Circuit Court of Smyth county, affirming a judgment of the County Court of that county, overruling a motion of the plaintiff in error to correct an alleged erroneous assessment of land in the name of Mrs. H. D. Cruger's estate.

It appears that George Douglas, of the State of New York, departed this life many years ago, intestate, the owner of a large body of mountain land lying in Rich Valley District of the county of Smyth. His heirs at law were George Douglas, William Douglas, Margaret Douglas, Harriet Douglas, and Elizabeth Douglas. After the death of her father, Margaret died, having devised her interest in this land to her four surviving brothers and sisters. Harriet married H. D. Cruger, and Elizabeth married James Monroe. In the year 1846 Monroe and wife instituted a chancery suit for the partition of these lands between the four surviving brothers and sisters. This partition was made, a decree entered confirming the same, and appointing a commissioner for the purpose, who executed deeds conveying to the parties their respective interests. Shortly after this par-

tition, James Monroe and wife conveyed their interest to George W. Hopkins. This tract has no relation to this case, and need not be further mentioned. The three remaining interests were charged on the land books as follows:

To George Douglas tract No. 1 . . . . . . . . 6,054 acres.
To H. D. Cruger tract No. 3 . . . . . . . . 6,134 acres.
To William Douglas tract No. 4 . . . . . . . . 6,072 acres.

Since the partition, these three tracts have been charged to the several parties to whom they were then allotted as separate and distinct parcels of land—Tract No. 1, in the name of George Douglas, tract No. 4, in the name of William Douglas, although both these parties died in 1862. Tract No. 3 stood charged in the name of H. D. Cruger until his death, in 1867, and after that time it was charged to Mrs. H. D. Cruger until her death, in 1881, when it appeared in the name of Mrs. H. D. Cruger's estate.

In 1885 the owners of these lands, finding that some five thousand acres of the George Douglas tract belonged to adverse claimants, and, desiring to have the aggregate quantity of land charged to them reduced to the proper amount, arranged with the assessor to drop the "Cruger" tract, containing 6,134 acres, from the land books. In 1893 the Douglas heirs conveyed these three tracts of land to the "Douglas Company," composed of the grantors in said deed. No change, however, was made on the land books, and the tax tickets continued to come out in the name of George Douglas and William Douglas, and were paid by the Douglas Company. In 1898 the Commissioner of the Revenue, finding the "Cruger" tract to be a legitimate subject of taxation, dropped from the land books, reinstated the same, and assessed it for the years it had been omitted, at the value of contiguous lands similarly situated.

In November, 1898, the plaintiff in error instituted this pro-

ceeding to correct, as alleged, the erroneous assessment of tract
No. 3, containing 6,134 acres, charged to Mrs. H. D. Cruger's
estate, claiming that the same had been properly dropped from
the land books in 1885, and improperly replaced thereon in
1898, and assessed for the years during which it was omitted.

These are separate and distinct parcels of land—the George
Douglas tract being separated by a distance of four or five miles
from the Cruger tract—and have always been separately as-
sessed in the names of the several owners who acquired the same
under the partition proceedings in 1846. The commissioner is
required by section 465 of the Code, as amended by act January
16, 1890, to enter each tract separately upon the land books.
The necessity for such separate entry is apparent. Lands be-
ing of unequal value, no just or equal taxation could be attained
otherwise. It follows that each separate tract of land must bear
the burden of taxation upon it, and cannot be relieved from tax-
ation because some other tract is improperly assessed. The party
aggrieved must move to have the improper assessment corrected,
and for this ample provision is made.

It was not pretended in 1885 that there was any error in the
assessment of tract No. 3 to the estate of Mrs. H. D. Cruger, but
it was dropped from the tax books solely for the purpose, and
as a means of correcting an alleged erroneous assessment of the
George Douglas tract.

The action of the commissioner in assessing the Cruger tract
of land is alone in controversy in this proceeding, and the validity
of that assessment cannot be determined by inquiring whether
another tract, separately entered for taxation, has been assessed
at more than the acreage actually contained therein. Such a
method of equalizing taxes is without warrant, and would be
productive of irremediable confusion.

This "Cruger" tract of land having been dropped from the
tax books in violation of law was properly reinstated and assessed

with taxes in 1898. The authority relied on for this act of the commissioner is section 479 of the Code, which is as follows:

" When the commissioner ascertains that there is any patented land in his district which has not before been entered on his book, or after being entered, has, from any cause, been omitted for one or more years, he shall make an entry thereof, and of the name of the owner; and if there be no reassessment of the value thereof, he shall proceed to make such assessment to the best of his judgment by reference to the assessed value of contiguous lands similarly situated; and shall charge on the land which he so enters taxes at the rate imposed by law, for each year in which the land was not before entered in such book, from the year eighteen hundred and thirty-two inclusive, if the patent emanated before that time, and if it did not, then from the date of the patent, together with the lawful interest on each year's tax. Any commissioner failing to make such entry and assessment shall forfeit twenty dollars."

It is not denied that the commissioner's action is authorized by this section, but it is contended that it violates the fourteenth amendment of the Constitution of the United States in so far as it authorizes a commissioner of the revenue to assess and charge the valuation of land, for the reason that neither this section nor any other, gives to the land owner any remedy by which he can have this action of the commissioner reversed or reviewed. In support of this contention the cases of *Violett* v. *City of Alexandria*, 92 Va. 561; and *Heth* v. *Radford*, 96 Va. 272, are cited. These cases do not sustain the contention of plaintiff in error, and have no bearing upon the case at bar. Ample provision is made for the land owner to have the action of the commissioner in a case like this reviewed, and reversed, if wrong. Secs. 567 and 568 of the Code furnish a complete remedy. Section 567 provides that any person assessed with taxes, aggrieved by an entry in either the land book or the personal property book may, within two years after the delivery of such book to the treasurer, apply for relief, &c. The remedy thus afforded has been adopted in the case at bar, and the presence of the plaintiff in error in court, contesting the pro-

priety of the assessment in question, is a sufficient answer to the objection that the law provides the land owner with no opportunity to review or reverse the action of the commissioner in replacing omitted lands upon the tax books, and reassessing the same for taxation.

It is further contended that the commissioner erred in not entering the land in question in the name of the plaintiff in error, the true owner, as required by section 479. The proof shows that the commissioner was unable, from the records of the county in which the land was situated, to determine the present owner. The Cruger tract, at the time it was dropped from the land books, was assessed in the name of Mrs. H. D. Cruger's estate as provided by section 492 of the Code, and there being nothing to show that the title had changed hands, it was properly reinstated in the name of that estate. Conceding, however, that the land should have been assessed in the name of the plaintiff in error, the failure to so enter it does not affect the liability of the land for the taxes due upon it. At most, the plaintiff in error could only ask that the error complained of be corrected by the substitution of the proper name.

The third and last assignment of error has been fully covered in considering the first, and need not be further discussed.

There is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*