### DOUGLAS CO. v. STONE, Ex-County Treasurer.

(Circuit Court, W. D. Virginia.   May 14, 1901.)

1. JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY—SUIT TO ENJOIN COLLECTION OF TAX.

A suit to enjoin the enforcement of a tax levied on lands under authority of a state by the sale of timber from such lands, where it is not alleged that the tax is illegal, but merely that it was erroneously levied, is not a suit to remove a cloud on title, and the amount involved for the purpose of determining the jurisdiction of a federal court is the amount of the tax, and not the value of the land.[1]

2. EQUITY—FEDERAL JURISDICTION—ADEQUATE REMEDY AT LAW.

Code Va. 1887, §§ 567–570, provide an adequate remedy at law for the correction of an erroneous assessment of taxes, and a federal court of equity is without jurisdiction of a suit to enjoin the collection of such taxes, levied by authority of the state, on the ground of erroneous assessment.

3. FEDERAL COURTS—FOLLOWING STATE DECISION—VALIDITY OF TAXES.

Where the highest court of a state, in an appropriate action, has decided that taxes were properly assessed, and are legal and valid under the constitution and laws of the state, a federal court will not entertain a suit to enjoin their collection.[2]

In Equity.   Suit to enjoin the collection of taxes.   On demurrer to bill.

Daniel Trigg and J. H. Gilmore, for plaintiff.

A. J. Montague, Atty. Gen., and Geo. W. Richardson, Commonwealth's Atty., for defendant.

PAUL, District Judge.   In this suit the plaintiff files its bill praying that it be released from the payment of a claim for taxes assessed under the laws of Virginia, amounting to the sum of $1,609.25, for which the defendant, who is ex-treasurer of Smyth county, Va., has made a levy on a portion of the standing timber on the lands of the plaintiff.   The tract of land on which the taxes are assessed is part of a larger tract that formerly belonged to one George Douglas, of the state of New York.   He died many years ago, and this tract of land lying in Smyth county, Va., containing about 18,000 acres, descended to his heirs at law.   In the year 1846, James Monroe, and Elizabeth, his wife, a daughter of said George Douglas, instituted in the circuit court of Washington county, Va., a chancery suit for the partition of this tract of land among the heirs of said George Douglas.   A decree of partition was entered, and a commissioner was appointed to convey to the several parties in interest the land assigned to them respectively.   These conveyances were made in the year 1849, and the land, as thus partitioned and conveyed, went on the books of the commissioner of the revenue for Rich Valley district of Smyth county.   The tract on which the taxes in question were

---

[1] Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75, and Shoe Co. v. Roper, 36 C. C. A. 459.

[2] State laws as rules of decision, see notes to Griffin v. Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; and Hill v. Hite, 29 C. C. A. 553.

assessed is that assigned and conveyed in the partition to Mrs. Harriet Cruger, a daughter of said George Douglas, she having intermarried with H. D. Cruger. This tract was charged on the land books as 6,134 acres. There were two other tracts conveyed under the decree of partition, and charged on the land books,—one to George Douglas, an heir of the elder Douglas, for 6,054 acres; the other to William Douglas, for 6,072 acres. These several tracts stood charged on the land books, until the year 1885, in the names of the parties to whom they had been conveyed by the deeds of partition in 1849, though in the meantime the grantees in the deeds had all died. In the year 1885, some question having arisen as to the quantity of land liable to taxation, inasmuch as large portions of the original survey were held by others by older and better titles, and by adverse possession, and the holders of which it was claimed were paying taxes on the same land. The bill alleges that the owners of the land made an arrangement with one Charles J. Shannon, the then acting assessor for the district in which the land lay, to reduce the quantity of land charged to the owners to the proper quantity. The bill states:

"It is believed that the assessor thought he could settle this question more easily by simply dropping one of the names from the book, leaving the parties thus charged with 12,126 acres,—fully as much, and more, really, than they were liable to be charged with on the three tracts of land. After that time the tax tickets, state and county, continued to be made off in the names of George Douglas and William Douglas for this quantity of land, and the parties interested continued to pay the tickets thus made out regularly and promptly."

The plaintiff became the owner by purchase of the said several tracts of land in the year 1893. After dropping from the land books in 1885 the land theretofore standing in the name of Mrs. Cruger, no change as to these lands was made on the commissioner's books until the year 1898, when the commissioner of the revenue for the district in which the Cruger land is situated entered the same on his land book as belonging to Mrs. Cruger's estate for taxation, claiming that the same had been improperly dropped from the land books in 1885. This action on the part of the commissioner he claimed was taken under section 479, Code Va. 1887, which provides:

"Sec. 479. Omitted lands, how re-entered and assessed.—When the commissioner ascertains that there is any patented land in his district which has not been entered on his book, or after being entered, has from any cause been omitted for one or more years, he shall make an entry thereof, and of the name of the owner; and if there be no re-assessment of the value thereof, he shall proceed to make such assessment to the best of his judgment by reference to the assessed value of contiguous lands similarly situated; and shall charge on the land which he so enters, taxes at the rate imposed by law, for each year in which the land was not before entered in such book, from the year eighteen hundred and thirty-two inclusive, if the patent emanated before that time, and if it did not, then from the date of the patent, together with the lawful interest on each year's tax. Any commissioner failing to make such entry and assessment shall forfeit twenty dollars."

In compliance with the requirements of section 479, the commissioner of the revenue assessed the said Cruger tract of land for the

years from 1885 to 1898, inclusive, making the sum of taxes and interest thereon $1,609.25. The plaintiff claims that at the time this assessment was made none of the land belonged to the estate of Mrs. Cruger, but was owned by the plaintiff, and that it paid the taxes thereon from the year 1893 to 1898; that by provision of section 480 of the Code of Virginia of 1887, the plaintiff, being a bona fide purchaser of said land, is not liable for the arrears of taxes thereon, except from the date of its title thereto. The taxes assessed not being paid, the defendant, as treasurer of Smyth county, proceeding under an act of the legislature of Virginia (Acts Assem., Sess. 1897–98, p. 931, c. 884), levied for the same on the growing timber on the Cruger tract, and advertised the same for sale. The plaintiff obtained from this court a restraining order inhibiting the defendant from selling the timber advertised until the further order of the court. The defendant demurs to the bill. The grounds of demurrer assigned are: (1) That it does not appear from the bill that the amount in controversy is sufficient to give the court jurisdiction of the same; (2) that the plaintiff has a complete and adequate remedy at law; (3) that the controversy relates solely to matters within the sovereignty of the state; (4) that it is a suit against the commonwealth of Virginia, and is therefore forbidden by the constitution of the United States, and that this court cannot take jurisdiction thereof.

The court deems it unnecessary to consider the third and fourth grounds of demurrer, and will confine the discussion to the first and second grounds. The first raises the question of jurisdiction in this court on account of the amount involved in the controversy. This, as we have seen, does not amount to over $2,000, exclusive of interest and costs, the sum necessary under act of congress of March 3, 1887, as amended, August 13, 1888, to confer jurisdiction on this court. It is contended in the argument of counsel for the plaintiff that it is not the amount of taxes the collection of which is sought to be enjoined that fixes the jurisdiction of the court, but the value of the land on which the taxes are assessed. This contention is based on the allegation that the object of the suit is to remove a cloud upon the title, and that in such a suit the value of the land fixes the jurisdiction. But the title to the land on which the tax is assessed is not involved. The question is as to the amount of taxes due, if any. The taxes are not illegal; they were levied under the tax laws of Virginia. The assessment may be irregular or erroneous, but it is not in violation of either the constitution of the state or of the federal constitution. It is doubtful if any case can be found where a federal court has restrained the collection of taxes by a state officer acting in pursuance of a state statute, except where it is charged that the tax is illegal. And where the tax is illegal there must be some equitable ground to justify the court in restraining its collection. In Railroad Co. v. Cheyenne, 113 U. S. 516, 5 Sup. Ct. 601, 28 L. Ed. 1098, Mr. Justice Bradley says:

"It is well settled that there ought to be some equitable ground for relief besides the mere illegality of the tax, for it might be presumed that the law furnishes a remedy for illegal taxation."

In Pittsburg, C., C. & St. L. R. Co. v. Board of Public Works, 172 U. S. 32, 19 Sup. Ct. 90, 43 L. Ed. 354, Justice Gray, speaking for the court, says:

"The collection of taxes assessed under the authority of a state is not to be restrained by writ of injunction from a court of the United States, unless it clearly appears, not only that the tax is illegal, but that the owner of the property taxed has no adequate remedy by the ordinary processes of law, and that there are special circumstances bringing the case under some recognized head of equity jurisdiction."

The bill not alleging that the tax is illegal, nor that it is to be continuous, destructive, inflictive of injury incapable of being measured in money, or that it is being committed by irresponsible persons, the court does not see that the levy of the tax on the timber casts a cloud upon the title to the land. The jurisdiction must be determined by the amount of the taxes claimed, and this is insufficient to confer jurisdiction. This conclusion is further supported by Fishbach v. Telegraph Co., 161 U. S. 96, 16 Sup. Ct. 506, 40 L. Ed. 630; Bank v. Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451; Railroad Co. v. Pendergrass, 16 C. C. A. 585, 70 Fed. 1.

For a more satisfactory settlement of the question of equity jurisdiction, the court will consider the second ground of demurrer,— "that the plaintiff has a complete and adequate remedy at law." It scarcely needs any citation of authorities to sustain the position that, if the plaintiff has an adequate remedy at law, it is not entitled to the aid of a federal court of equity to restrain the collection of a state tax. They are numerous and uniform. 1 Fost. Fed. Prac. 20, and notes; Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273; State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663. An adequate remedy is provided by the statute law of Virginia for the correction of an erroneous assessment of taxes. The importance of the question will justify the court in quoting in full the several sections of the Code of Virginia of 1887 giving the remedy at law:

"Sec. 567. Redress against erroneous assessment of taxes.—Any person assessed with taxes, aggrieved by an entry in either the land book or the personal property book, may, within two years after the delivery of such book to the treasurer, and any person assessed with a license tax, aggrieved thereby, may, within one year after such assessment, apply for relief to the court in which the commissioner gave bond and qualified, or to which or to whose clerk such bond and the certificate of his qualification were returned. The attorney for the commonwealth shall defend the application; and no order made in favor of the applicant shall have any validity unless it is stated therein that such attorney did so defend; that the commissioner making the assessment, or his successor, was examined as a witness touching the application; and the facts proved be certified.

"Sec. 568. When court may order assessment to be corrected and money refunded.—If the court be satisfied that the applicant is erroneously charged on said books, or either of them, with any taxes, and that the erroneous entry was not caused by the failure or refusal of the applicant to furnish a list of his property, real and personal, to the commissioner, on oath, as the law requires; or that the applicant is erroneously charged with a license tax, and that the erroneous assessment was not caused by the failure or refusal of the applicant to furnish the commissioner, on oath, with the necessary information, as required by law: in either case, the court may order that the assessment be corrected. If the assessment exceeds the proper amount, the court may order that the applicant be exonerated from the payment of so much as is erroneously charged, if not already paid, and if paid, that it be

refunded to him. If the assessment be less than the proper amount, the court shall order that the applicant pay the proper taxes. A copy of any order made under this section correcting an erroneous assessment shall be certified by the court to the auditor of public accounts and the treasurer of the state.

"Sec. 569. Treasurer restrained from collecting; how money refunded.—An order of exoneration made as aforesaid, when delivered to the treasurer, shall restrain him from collecting so much as is thus erroneously charged; or if the same. has already been collected, shall compel him to refund the money, if such officer has not already paid it into the treasury; and either way, when properly endorsed by the applicant, it shall be a sufficient voucher to entitle the officer to a credit for so much in his settlement with the auditor of public accounts.

"Sec. 570. If paid into treasury how refunded.—If what was so erroneously charged has been paid into the treasury, the order of court shall entitle the claimant to a warrant on the treasury for the amount thereof, provided application for the same be made to the auditor of public accounts within one year after the date of such order."

The sections of the Code of Virginia just referred to as providing a remedy at law for the correction of erroneous assessment of taxes have been construed by the supreme court of appeals of Virginia. The same questions presented in this cause have been decided by that court in Douglas Co. v. Com., 97 Va. 397, 34 S. E. 52. The plaintiff in this cause invoked the remedy at law provided by the statute law of Virginia, in the county court of Smyth county. On an adverse decision to the plaintiff by that court it appealed to the circuit court of Smyth county, which sustained the decision of the county court. The case was then carried to the supreme court of appeals of Virginia, where the decision of the court below was affirmed. That the federal courts will follow the decisions of the highest court of a state in construing the constitution and laws of that state is a doctrine so well established as not to require discussion to sustain it. Justice Miller, in the opinion of the supreme court in the State Railway Tax Cases, 92 U. S. 617, 23 L. Ed. 675, said:

"But, if for no other reason, we should reverse the decrees of the circuit court in these cases, because the same questions, involving the same considerations urged upon us here, have been decided by the supreme court of the state of Illinois in a manner which leads to the reversal of these."

For the reasons given, the bill will be dismissed.