LA CENTRAL BOCACHICA, INCORPORATED, Com
plainant,

*v.*

J. W. BONNER, As Treasurer of Porto Rico, and the Santa
Isabel Sugar Company, Inc., Dfts.

San Juan, Equity, No. 1235.

Opinion filed January 7, 1924.

*Mr. Vicente Zayas Pizarro* for complainant.

*Honorable H. P. Coats,* Attorney General of Porto Rico,
*Honorable Miguel A. Muñoz,* and *Honorable J. A. Lopez
Acosta,* Assistant Attorneys General of Porto Rico, for the
Treasurer of Porto Rico.

ODLIN, Judge, delivered the following opinion:

The court has been favored with no belief on behalf of one of the defendants, viz.: Santa Isabel Sugar Company, Inc., but this case has been elaborately and carefully presented by the attorney for the complainant, and also by the counsel representing the treasurer of Porto Rico.

Various grounds are alleged by the counsel representing the treasurer of Porto Rico in support of their claim that this proceeding should be dismissed, but I find it necessary to discuss only one of these grounds. The fact that all the parties to this proceeding are domiciled in Porto Rico would not deprive this court of jurisdiction, because the suit is brought for the purpose of restraining the officials of the Insular government from enforcing a law enacted by the legislature of Porto Rico which is claimed to be unconstitutional.

The decision of the Supreme Court of the United States in the leading case of Greene, Auditor of the State of Kentucky, et al., constituting a Board of Valuation and Assessment for Said State, v. The Louisville & Interurban R. Co., reported in 244 U. S. 499, 61 L. ed. 1280, 37 Sup. Ct. Rep. 673, Ann. Cas. 1917E, 88, makes it very clear that the United States district court in Porto Rico would have jurisdiction, provided that the matter in dispute exceeded the sum of $3,000. Mr. Justice Pitney, speaking for the Supreme Court, in that part of his opinion which is found at the foot of page 502, distinctly says that diversity of citizenship is not required in a suit of this nature where the matter in dispute is in excess of the jurisdictional amount.

It is true that on the first page of the bill of complaint

herein filed there is an allegation that the amount in controversy exceeds the sum of $3,000, exclusive of interest and costs, but when we come to ¶ 15 of the bill we find an allegation that the treasurer of Porto Rico has threatened to attach and sell a certain parcel of real estate if the sum of $2,545.47 is not paid to him immediately, and if certain sums amounting to $820.47 are not paid at intervals of six months thereafter; but there is a contradiction in ¶ 15, because the closing words of said paragraph are to the effect that the treasurer of Porto Rico has attached certain real estate described therein and is threatening to sell the same at public auction if the said sum of $2,545.47 is not paid by the treasurer forthwith.

The bill was filed on October 22 of the present year. Upon the authority of two decisions of the Supreme Court of the United States, to wit: Citizens' Bank v. Cannon, 164 U. S. 319, 41 L. ed. 451, 17 Sup. Ct. Rep. 89; and Berryman v. Whitman College, 222 U. S. 334, 56 L. ed. 225, 32 Sup. Ct. Rep. 147; it seems clear to me that this court has no jurisdiction of the present controversy. In the latter case the language of Mr. Chief Justice White, found upon page 348, vol. 222 of the United States Supreme Court Reports, refers to several previous decisions of the Supreme Court, and I quote as follows: "It would suffice to say of these cases that if they supported the proposition which they are cited to maintain, they have been qualified and restricted by the cases which we have just reviewed. But such result is uncalled for, as an analysis of the cases will show that all of them considered, in the absence of contract, where the right to levy a particular tax was assailed, whether there was authority to make up the jurisdictional amount required, by calling into the consideration the influ-

ence which the judgment might have upon different taxes or the power to take in view future illegal taxes upon the theory that they might be levied."

In view of these decisions, and also bearing in mind that it is the first duty of a Federal court to decline jurisdiction unless the same clearly appears, also keeping in mind the inconsistency as shown above in certain different allegations of the bill itself, it seems clear that the only proper decree that I should make in this case is that the bill be dismissed and that the complainant pay the costs, but without prejudice to the rights of the complainant to apply to this court for relief hereafter if a proper showing can be made that any action by the officials of Porto Rico operates to deprive the complainant of any of its constitutional rights, and also if there be a plain and distinct showing that the amount in controversy exceeds the sum of $3,000, exclusive of interests and costs.

To this order and opinion counsel for complainant excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 7th day of January, 1924.