## WALTER v. NORTHEASTERN RAILROAD COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA.

No. 1206. Argued and submitted January 11, 12, 1893. — Decided January 23, 1893.

A Circuit Court of the United States has no urisdiction over a bill in equity to enjoin the collection of taxes from a railroad company, when distinct assessments, in separate counties, n' 'one of which amounts to $2000, and for which, in case of payment under protest, separate suits must be brought to recover back the amounts paid, are joined in the bill and make an aggregate of over $2000.

THIS was a bill in equity filed by the Northeastern Railroad Company of South Carolina against the treasurer and sheriff of Charleston, Berkeley, Williamsburg and Florence Counties, through which the plaintiff's road passes, to enjoin them from issuing executions against or seizing the property of the plaintiff for the purpose of collecting a tax based upon an assessment alleged to be unconstitutional and void.

The substance of the bill was that the constitution of the State provided for a uniform and equal rate of assessment and taxation; that real estate is assessed for taxation once in five years at a uniform rate of from fifty to sixty per cent of its actual value; that personal property is assessed every year at the same rate or less; that this rate has become a uniform rule, and was accepted and acted upon by the assessing officers and boards of the State; that plaintiff returned its property at a valuation of from sixty to sixty-five per cent of its actual value; and that the State Board of Equalization for railroads arbitrarily assessed the property of this company at a much

higher rate, although, prior to the year 1891, it had accepted and acted upon a uniform rule of assessment; but that, at its meeting in 1891, it abandoned the rule theretofore accepted, and assessed railroad property at a rate exceeding its actual value, and in some cases doubled and trebled the previous rate, with intent to cast upon it a greater proportion of taxation, although no change was made in the assessment of other real and personal property; that the plaintiff, in common with the other railroads of the State, tendered in payment of its taxes the amount due under the levy estimated upon the value of its property as theretofore assessed, under the rule prevailing in that State, and set forth in its sworn return; and brought this bill to enjoin the taking possession of or selling its property under a tax execution to collect the excess.

Defendants demurred to this bill upon the ground: 1. That the court had no jurisdiction by reason of the insufficient amount in controversy. 2. That the plaintiffs had a complete and adequate remedy at law. 3. For want of equity. The case was heard upon this demurrer, and a decree was rendered overruling the demurrer and enjoining the collection of the taxes. See *Richmond &c. Railroad* v. *Blake*, 49 Fed. Rep. 904. Defendant appealed to this court under the 5th section of the Court of Appeals Act of March 3, 1891, 26 Stat. 826, 827, c. 517.

*Mr. Samuel Lord* for appellants. *Mr. D. A. Townsend*, Attorney General of the State of South Carolina, and *Mr. Ira B. Jones* were with him on the brief.

*Mr. Henry A. M. Smith* and *Mr. W. Huger Fitzsimmons* for appellee.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

Objection was taken to the jurisdiction of the court below upon the grounds, first, that the matter in controversy with each of the defendants was less than $2000; and second, be-

cause the plaintiff had a complete and adequate remedy at law.

With regard to the amount in controversy, it is averred in the bill that the plaintiff returned, as required by law, its real and personal property for taxation at a "valuation of the same according to and under the uniform rules and methods of valuation adopted for the taxation of similar real and personal property," and tendered to the county treasurers of the several counties the amounts due for taxes upon such valuation as returned, such amounts aggregating over $18,000, and, in addition thereto, tendered to the county treasurer of Charleston County, $813.87, for the expenses of the railway commission; but that the defendants refused to receive the same unless plaintiff would also pay the taxes claimed to be due in excess of the amount so tendered, which were as follows: In Charleston County, $177.67; in Berkeley County, $1511.16; in Williamsburg County, $1332.50; and in Florence County, $571.33; making the total amount claimed $3592.66. It was further alleged that of these taxes, 4¾ mills were levied for State purposes; 2 mills for school purposes; and from 1⅞ mills to 5¾ mills in the different counties, for county and all other purposes. It appears, then, that, while the total amount involved in this litigation is $3592.66, there is no claim made by the county treasurer of either county which is not less than $2000, and that of the entire claim of $3592.66, the State taxes represent but $1473.38. The residue is assessed for school and local purposes, is disbursed by the county commissioners, and is never paid into the state treasury at all. In short, the amount in dispute in each county is not only less than $2000, but is compounded of a state, school, and county tax, most of which is collected and paid out by the county authorities for local purposes.

Under these circumstances, it is entirely clear that, had these taxes been paid under protest and the plaintiff had sought to recover them back, it would have been obliged to bring separate actions in each county. As the amount recoverable from each county would be different, no joint judgment could possibly be rendered. So, had a bill for injunction been filed in a state court, and the practice had permitted, as in

some States, a chancery subpœna to be served in any county of the State, these defendants could not have been joined in one bill, but a separate bill would have had to be filed in each county.

Is the plaintiff entitled to join them all in a single suit in a Federal court, and sustain the jurisdiction by reason of the fact that the total amount involved exceeds $2000? We think not. It is well settled in this court that when two or more plaintiffs, having several interests, unite for the convenience of litigation in a single suit, it can only be sustained in the court of original jurisdiction, or on appeal in this court, as to those whose claims exceed the jurisdictional amount; and that when two or more defendants are sued by the same plaintiff in one suit the test of jurisdiction is the joint or several character of the liability to the plaintiff. This was the distinct ruling of this court in *Seaver* v. *Bigelows,* 5 Wall. 208; *Russell* v. *Stansell,* 105 U. S. 303; *Farmers' Loan and Trust Co.* v. *Waterman,* 106 U. S. 265; *Hawley* v. *Fairbanks,* 108 U. S. 543; *Stewart* v. *Dunham,* 115 U. S. 61; *Gibson* v. *Shufeldt,* 122 U. S. 27; *Clay* v. *Field,* 138 U. S. 464.

As illustrative of the rule as applied to cases of joint defendants, it was held in *Stratton* v. *Jarvis,* 8 Pet. 4, that, where a libel for salvage was filed against several packages of merchandise, and a decree was rendered against each consignment for an amount not sufficient in itself to authorize an appeal by any one claimant, the appeal of each claimant must be treated as a separate one, and, the amount in each case being insufficient, this court had no jurisdiction of the appeal of any claimant. A similar ruling was made in *Spear* v. *Place,* 11 How. 522. In *Paving Co.* v. *Mulford,* 100 U. S. 147, a bill, filed against two defendants, alleging that each held certificates of indebtedness belonging to the plaintiff, was dismissed on final hearing, and plaintiff appealed, and it was held that, as the recovery, if any, must be against the defendants severally, and as the amount claimed from each did not exceed the requisite sum, this court had no jurisdiction. In *Schwed* v. *Smith,* 106 U. S. 188, 190, certain creditors recovered separate judgments against a debtor amounting in the aggregate to more than

$5000, but none of which exceeded that sum, and filed a bill against him and a preferred creditor to subject to the payment of their judgment goods which had been seized upon a prior judgment, in which they succeeded, and defendant appealed. The appeal was dismissed, the court holding that if the decree were several as to the creditors, it was equally so as to their adversaries. " The theory is, that, although the proceeding is in form but one suit, its legal effect is the same as though separate suits had been begun on each of the separate causes of action." So in *Henderson* v. *Wadsworth*, 115 U. S. 264, it was held that where a suit was brought against several heirs to enforce their liability for the payment of a note on which their ancestor was bound, and separate judgments were rendered against each for his proportionate share, this court had jurisdiction in error only over such judgments as exceeded $5000; and, again, in *Ex parte Phœnix Ins. Co.*, 117 U. S. 367, that distinct decrees against different parties on a single cause of action in which there were distinct liabilities, could not be joined to give this court jurisdiction on appeal. In that case the suit was brought upon a single policy of insurance written by four different companies, and the decree was against each company severally for its separate obligation.

In short, the rule applicable to several plaintiffs having separate claims, that each must represent an amount sufficient to give the court jurisdiction, is equally applicable to several liabilities of different defendants to the same plaintiff. The disposition we have made of this question renders it unnecessary to consider the others.

Upon the whole, we are of opinion that this bill ought not to have been sustained, and the decree of the court must, therefore, be

*Reversed, and the case remanded, with directions to dismiss the bill for want of jurisdiction.*