# NORTHERN PACIFIC RAILROAD COMPANY *v.* WALKER.

CERTIFICATE FROM THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 1124. Argued January 31, February 1, 1893. — Decided April 3, 1893.

Following *Walter* v. *Northeastern Railroad Company*, 147 U. S. 370, it is again held that a Circuit Court of the United States has no jurisdiction over a bill in equity to enjoin the collection of taxes from a railroad company, when distinct assessments, in separate counties, no one of which amounts to $2000, and for which, in case of payment under protest, separate suits must be brought to recover back the amounts paid, are joined in the bill and make an aggregate of over $2000.

As, perhaps, by amendment this bill might be retained as to some one of the defendants, this court declines to dismiss the bill, and reverses the judgment, and remands the cause to the court below for further proceedings in conformity with this opinion.

THE case is stated in the opinion.

*Mr. Frederick M. Dudley* and *Mr. James McNaught* for appellant.

*Mr. S. L. Glaspell*, (with whom was *Mr. Edgar W. Camp* on the brief,) for appellees.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a bill filed in the Circuit Court of the United States for the District of North Dakota, November 21, 1890, by the

Northern Pacific Railroad Company against the county auditors of twelve counties of that State, praying for a decree adjudging certain assessments and taxes levied upon lands in each of said counties to be illegal and void and a cloud upon complainant's title, and that defendants and each of them be restrained from selling or attempting to sell said lands or any portion thereof, or issuing any tax certificates therefor. The case proceeded to a decree, dismissing the bill for want of equity, whereupon it was carried by appeal to the Circuit Court of Appeals for the Eighth Circuit.

Certain questions or propositions of law, concerning which that court desired the instruction of the Supreme Court for a proper decision of the case, were certified to this court, and argument having been had upon the certificate, we directed a *certiorari* to issue requiring the whole record and cause to be sent up for consideration. This has been done, and we find upon examination that the case comes directly within *Walter* v. *Northeastern Railroad,* 147 U. S. 370.

The record does not show that the amount of the assessments and taxes, forming the subject of the litigation, levied in either or all of the counties, exceeded the sum of $2000; and even if this had been so as to the aggregate, the defendants could not have been joined in a single suit, and the jurisdiction thus been sustained. Upon the face of the record, therefore, the Circuit Court was without jurisdiction, (act of March 3, 1887, 24 Stat. 552, c. 373; act of August 13, 1888, 25 Stat. 433, c. 866,) but as perhaps by amendment the bill might be retained as to some one of the defendants, we will not direct its dismissal.

*In pursuance of section 10 of the Judiciary Act of March 3, 1891, 26 Stat. 829, c. 517, the decree of the Circuit Court is reversed at the costs of the appellant, and the cause remanded to that court with a direction for further proceedings in conformity with this opinion.*