# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

LINEHAN RAILWAY TRANSFER CO. v. PENDERGRASS, Sheriff.

(Circuit Court of Appeals, Eighth Circuit. September 16, 1895.)

No. 606.

1. FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.
   In a suit to enjoin the collection of a tax, the amount in controversy is the amount of such tax, and the federal courts have not jurisdiction of the suit if this amount is less than $2,000, though the value of the taxed property is greater.
2. INJUNCTION TO RESTRAIN COLLECTION OF TAX—NOT GRANTED, WHEN.
   A federal court will not enjoin the collection of a tax which is only a personal charge against the party taxed, or charge upon his personal property.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

J. T. Lowe, for appellant.

John J. Hornor and E. C. Hornor, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The appellant, the Linehan Railway Transfer Company, a corporation of the state of Iowa, was the owner of a steamboat which it used to transfer the trains and cars of the Yazoo & Mississippi Valley Railroad Company back and forth across the Mississippi river, from Trotters Point, Miss., to Helena, Ark. The proper taxing authorities of Phillips county, Ark., imposed a tax on this boat, amounting, with penalty and costs, to the sum of $93. The boat was valued at $2,500. The appellee, as sheriff of Phillips county and ex officio collector of taxes, was about to collect the tax assessed on the boat when the appellant filed the bill in this case, praying that the sheriff might be perpetually enjoined from collecting the tax, upon the grounds that its collection would (1) "interfere with the United States mails, stopping travel and traffic, freight and express, between the states"; (2) that the boat was registered, and her owner resided at Dubuque; and (3) that irreparable damage would ensue

v.70F.no.1—1

from the collection of the tax. A demurrer to the bill for want of jurisdiction was sustained, and the bill dismissed.

The demurrer was properly sustained. The amount in controversy was the amount of the tax, and not the value of the property upon which the tax was assessed. The amount in controversy, therefore, was not sufficient to give the circuit court jurisdiction. Gibson v. Shufeldt, 122 U. S. 29, 7 Sup. Ct. 1066; Bank v. Hoof, 7 Pet. 170; Ross v. Prentiss, 3 How. 772; Walter v. Railroad Co., 147 U. S. 370, 13 Sup. Ct. 348; Railway Co. v. Walker, 148 U. S. 391, 13 Sup. Ct. 650. Conceding the boat was engaged in interstate commerce, that did not exempt it from taxation. 1 Desty, Tax'n, § 52; Morgan v. Parham, 16 Wall. 475; Transportation Co. v. Wheeling, 99 U. S. 284; Marye v. Railroad Co., 127 U. S. 124, 8 Sup. Ct. 1037; Pullman's Palace Car Co. v. Pennsylvania, 141 U. S. 25, 11 Sup. Ct. 876. , Moreover, a federal court will not, except under very special circumstances, none of which are present in this case, enjoin the collection of a tax which is only a personal charge against the party taxed or against his personal property. Presumptively, the remedy at law is adequate in such cases. If the tax is illegal, and the party makes payment, he is entitled to recover back the amount. State Railroad Tax Cases, 92 U. S. 614; Dows v. Chicago, 11 Wall. 108; Hannewinkle v. Georgetown, 15 Wall. 548; Tennessee v. Sneed, 96 U. S. 69; Brewer v. Springfield, 97 Mass. 152; Express Co. v. Seibert, 44 Fed. 310; Cooley, Tax'n, 772.

The averment of the bill that "irreparable damage" will ensue to the complainant unless the tax is enjoined must, in view of the smallness of the tax as compared to the value of the property upon which it is assessed and the business in which the boat is engaged, be treated as a figure of speech, rather than as the averment of an actual fact.

The decree of the circuit court is affirmed.