# CITIZENS' BANK *v.* CANNON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF LOUISIANA.

No. 58. Argued and submitted October 21, 1896. — Decided November 30, 1896.

Jurisdiction cannot be conferred on a Circuit Court of the United States.
by joining in one bill against distinct defendants claims, no one of
which reaches the jurisdictional amount.

In proceedings under a bill to enjoin the collection of taxes for. a series of
years, where the proof only shows the amount of the assessment for one
year, which is below the jurisdictional amount, it cannot be assumed, in
order to confer jurisdiction, that the assessment for each of the other
years was for a like amount.

Although, as a general rule, an appeal will not lie in a matter of costs alone,
where an appeal is taken on other grounds as well, and not on the sole
ground that costs were wrongfully awarded, this court can determine
whether a Circuit Court, dismissing a suit for want of jurisdiction, can
give a decree for costs, including a fee to the defendants' counsel in the
nature of a penalty ; and it decides that the decree in this case was erro-
neous in that particular.

When a Circuit Court dismisses a bill for want of jurisdiction it is without
power to decree the payment of costs and penalties.

In March, 1893, the Citizens' Bank of Louisiana, a banking
corporation created by the legislature of Louisiana, filed a bill
of complaint in the Circuit Court of the United States for the
Western District of Louisiana, against several defendants who
were sheriffs respectively of a number of parishes in that
district, seeking to enjoin the defendants from enforcing the
payment of taxes alleged to be due from the bank on lands
owned by it in the several parishes.

The main allegation of the bill was that the bank was by
the terms of its charter exempt from taxation of every kind
on its capital and property, and that certain specific and sub-
sequent statutes of the State of Louisiana, by virtue of whose
provisions the defendants were proposing to enforce the pay-
ment of taxes, would, if carried into effect, operate to impair
the contract between the bank and the State, contrary to the
tenth section of the first article of the Constitution of the

United States. The taxes, which it was alleged it was the purpose of the defendants to assess and collect, were for state and parish taxation for the years 1889, 1890, 1891 and 1892.

Restraining orders were issued against the several defendants. Afterwards, in May, 1893, an amended bill of complaint was filed by the bank against the same defendants, alleging that, since the granting of the restraining orders and pending the disposition of the case, certain named assessors of the said several parishes were proceeding to list for assessment and taxation for the year 1893 the property of the bank situated in the said parishes, and praying that the said assessors might be subpœnaed to appear and answer said original and amended bill, and to abide the decrees of the court. Restraining orders were likewise issued under this amended bill.

On July 17, 1893, the defendants filed a general demurrer to both bills, and, on the same day, filed a plea to said bills, alleging that the taxes levied on the property of the complainant did not in any one of the parishes named in the bill amount to the sum of two thousand dollars, and because such taxes so levied were payable to and levied for the State, the respective parish, and the levee board of the levee district in which such parish was situated; and alleging that the assessors and tax collectors of each of said parishes could not be joined for the purpose of giving the Circuit Court jurisdiction. The defendants also filed an answer, setting up various matters on which they contended that the bank's exemption from taxation was no longer operative.

The demurrer was, after argument, overruled. Replications to the plea and answer were filed. The complainant put in evidence the original charter of the bank and several acts of the legislature amendatory thereof; the revenue act of the legislature for the year 1890, and extracts from the assessment rolls of the several parishes named in the original and amended bill, showing the property owned by the bank and the amount of taxes assessed thereon. The defendants put in evidence certificates from the respective parishes, showing the property owned by the bank and the amount of taxes assessed thereon.

. On November 22, 1893, after argument, the court entered a decree, sustaining the plea to the jurisdiction and dismissing the bill at complainant's costs. The decree further ordered that a fee should be allowed the solicitor of the defendants, amounting to ten per cent of the taxes sought to be enjoined in the bill, viz., the sum of three hundred and seventeen $\frac{44}{100}$ dollars, to be paid by complainant as part of the costs in the case. From this decree an appeal was prayed and allowed to this court. A certificate was duly signed by the judge of the Circuit Court, setting forth that the question decided was solely that raised by the plea to the jurisdiction of the court, and directing that copies of the bill, the exhibits showing the taxes involved and the property on which the taxes were levied, and the valuation of said property, and of the plea and decree, should be attached to the certificate.

*Mr. William A. Maury* for appellant. *Mr. Charles J. Boatner* was on the brief

*Mr. M. J. Cunningham,* Attorney General of the State of Louisiana, *Mr. A. H. Leonard* and *Mr. Alexander Porter Morse,* for defendants, submitted on their brief.

Mr. Justice Shiras, after stating the case, delivered the opinion of the court.

The first assignment of error questions the correctness of the decree of the court in sustaining the plea to the jurisdiction and dismissing the bill.

The bill alleged that the defendants were about to assess and collect state and parish taxes for the years 1889, 1890, 1891 and 1892, and the amended bill alleged a similar purpose as to taxes for 1893. Neither bill contained a specific allegation as to the amount of the assessment or taxes for any one parish, but averred that the taxes so assessed exceeded, exclusive of interest and costs, the sum of two thousand dollars.

This must be understood to mean that the aggregate amount of the taxes for the several parishes exceeded two thousand

dollars, and the theory of that part of the bill evidently was that the amount involved, in order to confer jurisdiction on the Circuit Court, could be reached by adding together the taxes for the several parishes. But, for reasons given in the recent cases of *Walter* v. *Northeastern Railroad*, 147 U. S. 370, and *Northern Pacific Railroad* v. *Walker*, 148 U. S. 391, jurisdiction cannot be conferred on the Circuit Court by joining in one bill against distinct defendants claims no one of which reached the jurisdictional amount. It is now contended that, as it appears in the extract from the assessment roll for the year 1892, that the tax for that year assessed and in the hands of John S. Young, sheriff for the parish of Caddo, for collection, amounted to upwards of nine hundred dollars, it can be assumed that the taxes for the years 1889, 1890 and 1891 were for similar amounts, and thus, in the case of that parish at least, that jurisdiction was shown. But, as the facts showing jurisdiction do not affirmatively appear in the bill, and as, for some reason that does not appear, the proof was restricted to the year 1892, we do not think the defect is supplied by such a conjecture.

It is further argued that jurisdiction may be seen in the averment of the bill that the value of the exemption of the bank's property during the continuance of its charter exceeds two thousand dollars for each parish. But the answer to this is, that this is not a suit to exempt property from taxation permanently. The purpose of the bill is to restrain certain tax assessors and tax collectors from collecting taxes for specific years, and, if the amount of such taxes does not confer jurisdiction, it is, from the nature of things, impossible for a court to foresee what, if any, taxes may be assessed in the future.

It is, however, suggested that as the allegations of the bill and the evidence adduced to sustain the plea leave it uncertain whether, if the facts were made fully to appear, jurisdiction might not be maintainable, this court should reverse the decree in order to afford an opportunity to the complainant to make it appear, by competent evidence, what were the amounts of the taxes assessed and levied for the whole four

years, and also for the year 1893 covered by the amended bill: and reference is made to *Northern Pacific Railroad* v. *Walker*, 148 U. S. 392, a case somewhat similar to the present, where such a course, it is said, was followed. We do not feel warranted to reverse the decree of the court below on such a view, but as we are constrained to reverse the decree, for reasons presently to be stated, we shall leave it to the court below to exercise its own discretion in the matter of further proceedings of the kind suggested.

Error is assigned to the action of the court decreeing that the complainant should pay the costs, including a fee of upwards of three hundred dollars to the defendants' counsel.

As a general rule, an appeal will not lie in a matter of costs alone. But such appeals have been sustained in particular circumstances, as, for instance, where the costs have been directed to be paid out of a trust fund. In *Trustees* v. *Greenough*, 105 U. S. 527, this court said, through Mr. Justice Bradley, that the objection to an appeal on the ground of its being from a decree for costs only, is untenable. However, in the present case, the appeal was not taken from the decree on the sole ground that costs were wrongfully awarded, and, as the entire decree is before us, it is competent for us to consider whether, when a Circuit Court dismisses a suit for want of jurisdiction, it can give a decree for costs, including a fee in the nature of a penalty, to the defendants' counsel.

The revenue law of Louisiana, act 106 of 1890, section 56, provides that the attorney at law who represents the tax collector in injunction proceedings shall, in case of a successful defence, receive a compensation of ten per cent on the amount of taxes and penalties collected as the result of the proceedings, which shall be paid to the said attorney by the party against whom the judgment is rendered, and shall be collected by the tax collector as costs at the same time that the taxes and other penalties are collected. It would seem that the court below applied the provisions of that statute in the present instance.

Without considering or deciding whether it would be the duty of a Federal court to follow the state statute in assessing costs, and particularly in making a payment to an attorney at

law of a fee proportionate to the amount recovered a part of the decree, we are of opinion that this decree was erroneous in the particular complained of. Having dismissed the bill for want of jurisdiction, the court was without power to decree the payment of costs and penalties.

*The Mayor* v. *Cooper*, 6 Wall. 247, 250, was a case where the Circuit Court of the United States had held that it had no jurisdiction of a case, removed to it from a state court, and had sustained a motion to remand for that reason, yet proceeded to give a judgment for the costs of the motion, and ordered that an execution should issue to collect them. This court said : " The court held that it had no jurisdiction whatever of the case, and yet gave a judgment for the costs of the motion, and ordered that an execution should issue to collect them. This was clearly erroneous. If there were no jurisdiction, there was no power to do anything but to strike the case from the docket. In that view of the subject the matter was as much *coram non judice* as anything else could be, and the award of costs and execution were consequently void. Such was the necessary result of the conclusions of the court."

In *Inglee* v. *Coolidge*, 2 Wheat. 363, it was said by the Chief Justice that this court does not give costs where a cause is dismissed for want of jurisdiction.

In *Hornthall* v. *The Collector*, 9 Wall. 560, 566, where the Circuit Court of the United States for the district of Mississippi had dismissed a bill for want of jurisdiction and had awarded costs to the respondents, this court reversed the decree for that reason, and remanded the cause, with directions to dismiss the bill of complaint but without costs. *Blacklock* v. *Small*, 96 U. S. 105.

*The decree of the court below is reversed and the cause remanded with directions to proceed in conformity with this opinion.*