McDANIEL et al. v. TRAYLOR et al.

(Circuit Court, E. D. Arkansas. June 20, 1903.)

1. UNITED STATES CIRCUIT COURT—JURISDICTION—AMOUNT INVOLVED—ACTION TO SET ASIDE JUDGMENTS OF SEPARATE DEFENDANTS—RIGHT TO AGGREGATE JUDGMENTS.

A suit by heirs to set aside, as fraudulent, a number of judgments rendered by a probate court in favor of different defendants against the estate, cannot be brought within the jurisdiction of the circuit court by adding together the amounts of the judgments, so as to produce an aggregate in excess of $2,000; no one judgment exceeding that amount, and there being no allegation making the defendants liable jointly, but the case requiring, in the event of a determination favorable to complainants, separate decrees against each defendant.

2. SAME—VALUE OF REAL ESTATE.

An action by heirs to set aside, as fraudulent, judgments rendered by a probate court against the estate, none of which exceeds $2,000, cannot be brought within the jurisdiction of the circuit court by reason of the fact that the real estate on which the judgments are liens exceeds in value that amount.

On Demurrer to Jurisdiction.

G. B. Webster and J. R. Beasley, for complainants.
N. W. Norton and R. W. Nicholls, for defendants.

TRIEBER, District Judge. This action was instituted by complainants, children and heirs at law of Hiram Evans, who died intestate, seised of considerable personal property and valuable real estate, lying and situate in this district. The object of the bill is to set aside, as fraudulent, a number of judgments rendered by the probate court of St. Francis county, Ark., in favor of the defendants, against the estate of their deceased father, which judgments are liens on the real estate, which, by the laws of descent of the state of Arkansas, has been inherited by complainants. The value of the real estate affected by the liens of these judgments exceeds $2,000, it is alleged in the bill, and so does the aggregate amount of the judgments of all the defendants, but no one of the judgments in favor of any one of the defendants exceeds that sum. The diversity of citizenship necessary to give a national court jurisdiction is shown by the bill, and the only question to be determined is whether the amount necessary to confer jurisdiction on this court is the aggregate amount of the judgments in favor of all the defendants, or whether each defendant's judgment must exceed the sum of $2,000, exclusive of interest. Although numerous defendants have been joined in the suit, the proceeding is in fact against each defendant separately. There is no allegation in the bill which

¶ 1. Jurisdiction of circuit courts, as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Greene v. Iron Co., 36 C. C. A. 459.

makes the defendants liable jointly. Each of the judgments in favor of the numerous defendants stands separately, and requires separate proof as to its invalidity. If a decree is rendered in favor of the complainants against all defendants, it must be entered against each one separately, as in cases of separate suits. Such being the case, the value of the matter in dispute with each defendant must be the sum of his own judgment, and these separate and distinct interests cannot be joined for the purpose of making up the proper amount necessary to give this court jurisdiction. Cases directly in point as to the jurisdiction of the Circuit Court are Walter v. Railroad Company, 147 U. S. 370, 13 Sup. Ct. 348, 37 L. Ed. 206; Railroad Company v. Walker, 148 U. S. 392, 13 Sup. Ct. 650, 37 L. Ed. 494; Fishback v. Western Union Telegraph Co., 161 U. S. 96, 16 Sup. Ct. 506, 40 L. Ed. 630; Citizens' Bank v. Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451.

In Walter v. Railroad Company, the court says:

"Is the plaintiff entitled to join them all in a single suit in a federal court, and sustain the jurisdiction, by reason of the fact that the total amount involved exceeds two thousand dollars? We think not. It is well settled in this court that when two or more plaintiffs, having separate interests, unite, for the convenience of litigation, in a single suit, it can only be sustained in the court of original jurisdiction, or on appeal in this court, as to those whose claims exceed the jurisdictional amount, and that, when two or more defendants are sued by the same plaintiffs in one suit, the test of jurisdiction is the joint or several character of the liability of the plaintiff." 147 U. S. 373, 13 Sup. Ct. 349, 37 L. Ed. 206.

The cases in which the Supreme Court has dismissed appeals in which the jurisdiction of that court depended on the amount involved are based upon the same principle. They are too numerous to cite, but a large number of them are collected in the opinion of the court in Gibson v. Shufeldt, 122 U. S. 27, 7 Sup. Ct. 1066, 30 L. Ed. 1083.

As stated by Mr. Justice Bradley in Clay v. Field, 138 U. S. 464–479, 11 Sup. Ct. 419, 423, 34 L. Ed. 1044:

"The general principle observed in all cases is that if several persons be joined in a suit in equity or admiralty, and have a common and undivided interest, though separable as between themselves, the amount of their joint claim of liability will be the test of jurisdiction, but when their interests are distinct, and they are joined for the sake of convenience only, and because they form a class of parties whose rights or liabilities arose out of the same transaction, or have relation to a common fund or mass of property sought to be administered, such distinct demands or liabilities cannot be aggregated together for the purpose of giving this court jurisdiction by appeal, but each must stand or fall by itself alone."

Nor can the jurisdiction of the court be sustained upon the ground that the value of the real estate on which these judgments are liens, and consequently clouds on complainants' title, exceeds the sum of $2,000, for the value in dispute is not the value of the property on which the judgment is a lien, but the amount of each judgment, or the amount each defendant will have to be paid to release his lien if his judgment is not set aside. Linehan v. Pendergrass, 16 C. C. A. 585, 70 Fed. 1; Werner v. Murphy (C. C.) 60 Fed. 769; Busey v. Smith (C. C.) 67 Fed. 13. "By matter in dispute," says the Supreme Court, "is meant the subject of litigation—the matter for which the suit is

brought, and upon which the issue is joined, and in relation to which jurors are called and witnesses examined." Lee v. Watson 1 Wall. 337, 17 L. Ed. 557. What is the object of this suit? Not the title to the land, but to cancel judgments which incidentally are liens on the land. The rule would be different if the cloud on the title consisted of a claim on the part of the defendants which would affect the absolute title of the property, and which could not be discharged by the payment of money. In such a case, the title to the land being involved, its value determines the jurisdiction of the court. This distinction is fully recognized in the principal case relied upon by counsel for complainants. Woodside v. Ciceroni, 35 C. C. A. 177, 93 Fed. 1.

The demurrer to the jurisdiction must be sustained and the bill dismissed.