**VICKSBURG, S. & P. RY. CO. v. NATTIN, Tax Collector, et al.**

No. 442.

District Court, W. D. Louisiana, Shreveport Division.

Aug. 5, 1931.

Randolph, Rendall & Freyer, of Shreveport, La., for complainant.

L. B. Duke, of Benton, La., and R. F. Kennon, of Minden, La., for respondents.

DAWKINS, District Judge.

The petition in this case alleges that the defendant tax collector is about to enforce collection of an annual tax of eight mills, amounting to $406.80 for the year 1930, claimed by the subdrainage district No. 1 of Bossier parish. It alleges that the said tax is illegal, for the reason that complainant was a nonresident of the district, and, although the assessed value of its property is greater than that of any other taxpayer, amounting to $50,850, it was not permitted to vote thereon or to be heard in any manner as to the imposition of said tax; that its property consists of its roadbed, right of way, and track, amounting to some twenty acres, which will in no wise be benefited by the drainage scheme, and assessed at some twenty-five times the value per acre placed upon other property in the district, and the action of the respondents results in gross discrimination, denial of due process, and the taking of its property in violation of the Fourteenth Amendment of the Federal Constitution; that the district was created, bonds amounting to $47,000, maturing over a term of twenty-five years, were issued, and its property will therefore be taxed each year for the payment thereof to an amount in the aggregate over said period of more than $5,000. Petitioner prays for a restraining order, that upon hearing it be granted a preliminary injunction, and finally that the defendants be permanently enjoined from collecting said tax.

A restraining order was granted and subsequently a temporary injunction.

The matter has now been submitted upon a motion to dismiss, the grounds of which are as follows: (1) That the petition does not set forth facts to give jurisdiction in a court of the United States; (2) that the amount involved is insufficient to give this court jurisdiction; (3) that the allegations are too indefinite, and contain only conclusions of law; (4) that there is no allegation that plaintiff is not bound by the sixty-day prescription provided by the state Constitution; (5) nor does it allege that plaintiff is not bound by the thirty-day limitation of Act No. 9 of the state Legislature of 1924; (6) that on its face the petition shows that plaintiff has been guilty of laches; and (7) that no irreparable injury has been shown.

I deem it necessary to consider only the question of the jurisdictional amount involved. It seems to be settled that in cases of this kind a complainant cannot add the taxes of subsequent years to those which are due and sought to be collected, in order to make up an amount sufficient to give a federal court jurisdiction. It is the sum claimed by the tax collector against which the injunction is asked that controls, and the court cannot consider the collateral effect of a subsequent suit between the same or other parties which might involve the tax during other years. This is not a case in which the action of the defendants will result in the destruction of the defendant's business but merely to enjoin the collection of an ad valorem tax upon its tangible property, the effect of which can be avoided by payment of the sum claimed; or it may proceed in a state court of proper jurisdiction, with the right ultimately to have the federal question reviewed by the Supreme Court of the United States in the manner provided by law. I am convinced that the amount actually in dispute is only the sum of $406.80, which is wholly insufficient to give this court jurisdiction.

In Washington & Georgetown Railroad Co. v. District of Columbia, 146 U. S. 227, 13 S. Ct. 64, 66, 36 L. Ed. 951, the Supreme Court of the United States, through Chief Justice Fuller, in a similar case, said: "The matter in dispute in its relation to jurisdiction is the particular tax attacked, and unaccrued or unspecified taxes cannot be included, upon conjecture, to make up the requisite amount."

See, also, the following cases: Citizens' Bank v. Cannon, 164 U. S. 319, 17 S. Ct. 89,

41 L. Ed. 451 (which went to the Supreme Court from this district); Holt v. Indiana Manufacturing Co., 176 U. S. 72, 20 S. Ct. 272, 44 L. Ed. 374; Fishback v. Western Union Tel. Co., 161 U. S. 96, 16 S. Ct. 506, 40 L. Ed. 630; New England Mortgage Security Co. v. Gay, 145 U. S. 123–130, 12 S. Ct. 815, 36 L. Ed. 646; Northern Pacific Railroad Co. v. Walker, 148 U. S. 392, 13 S. Ct. 650, 37 L. Ed. 494; Walter v. Northeastern Railroad Co., 147 U. S. 370, 13 S. Ct. 348, 37 L. Ed. 206; Clay Center v. Farmers' Loan & Trust Co., 145 U. S. 224, 12 S. Ct. 817, 36 L. Ed. 685; Mayor, etc., of City of Baltimore v. Postal Tel. Cable Co. (C. C.) 62 F. 500; Linehan Railway Transfer Co. v. Pendergrass, 70 F. 1, 16 C. C. A. 585; Woodman v. Ely (C. C.) 2 F. 839; Murphy v. East Portland (C. C.) 42 F. 308.

For the reasons assigned, the plea to the jurisdiction rationæ materiæ will be sustained. Proper decree should be presented.