## FECHHEIMER BROS. CO. v. BARN-WASSER et al.

### No. 136.

District Court, E. D. Kentucky.

March 20, 1944.

F. J. Hanlon, of Covington, Ky., for plaintiff.

Stephens L. Blakely and Northcutt & Northcutt, all of Covington, Ky., for defendants.

SWINFORD, District Judge.

This case is before me on motion of several of the defendants to dismiss the complaint on the grounds that this court does not have jurisdiction of the action.

Plaintiff alleges that it is a corporation and resident of the State of Ohio and that all defendants are residents of the State of Kentucky. There are 136 defendants, more or less, who, it is charged by the plaintiff, comprised an organization for military purposes in Kenton County, Kentucky, under the name "Second Regiment Kentucky Active Militia"; that they, through their

agent, Arthur J. Daly, purchased from the plaintiff individual uniforms; that it was agreed between the plaintiff and the agent for the defendants that the plaintiff would · make the uniforms for the sum of $49.-95 each, and that the defendants, by their agent, accepted the offer. That the uniforms were in due course delivered, with certain other accessories, to the agent of the defendants, together with a statement of the charges of $5,092.50; that there has been paid on this account the sum of $1,500, which leaves a balance of $3,592.50. This amount is alleged to be in controversy and is the basis of the court's jurisdiction.

It is seen from this statement that no individual defendant owes the plaintiff an amount equal to $3,000, exclusive of interest and costs. Section 24 of the Judicial Code limits jurisdiction of this court to those cases where the matter in controversy, exclusive of interest and costs, is equal to the sum or value of $3,000. 28 U.S.C.A. § 41. It is settled that a plaintiff cannot join several defendants, against whom he has claims of a similar character, in order to reach the jurisdictional amount. The claim against each defendant must be of the jurisdictional amount. This statement is contained in Simkins Federal Practice, page 185, section 131. A footnote to the section cites the following authorities: Commercial Nat. Bank v. Catron, 10 Cir., 50 F.2d 1023; McDaniel v. Traylor, C.C., 123 F. 338, 339, see 196 U.S. 415, 427, 25 S.Ct. 369, 49 L.Ed. 533–538; Busey v. Smith, 67 F. 13, 15, 16; Henderson v. Wadsworth, 115 U.S. 264, 276, 6 S.Ct. 40, 29 L.Ed. 377, 379; Walter v. Northeastern R. Co., 147 U.S. 370, 13 S.Ct. 348, 37 L.Ed. 206, 208; Seaver v. Bigelows, 5 Wall. 208, 18 L.Ed. 595; Gibson v. Shufeldt, 122 U.S. 27, 7 S.Ct. 1066, 30 L.Ed. 1083; Shewalter v. Lexington, C.C., 143 F. 161, 163, 164; Northern P. R. Co. v. Walker, 148 U.S. 391, 13 S.Ct. 650, 37 L.Ed. 494; Citizens' Bank v. Cannon, 164 U.S. 319, 17 S.Ct. 89, 41 L.Ed. 451; Ex parte Phoenix Ins. Co., 117 U.S. 367–369, 6 S.Ct. 772, 29 L.Ed. 923, 924.

The question of jurisdictional amount has been considered many times and as pointed out in Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 703, 78 L.Ed. 1248, "The policy of the statute calls for its strict construction."

Counsel for the plaintiff in the instant case did not seriously contend that the rule is otherwise except as modified by the Federal Rules of Civil Procedure.

It is argued by the plaintiff that this case falls squarely within the class of cases contemplated by Rule 20 and that since the record shows on its face that the claims arose out of the same transaction, occurrence, or series of transactions or occurrences, and presents a question of law and fact common to all defendants, that all of them may be joined in one action, even though the claim is asserted against them severally.

A comprehensive discussion of this rule is found in Hughes Federal Practice Jurisdiction and Procedure, Volume 18, page 45, section 21311 to 21331, inclusive.

However, this rule can only be applied in the light of Rule 82, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which is to the effect that no rule shall be construed to extend or limit the jurisdiction of the courts of the United States.

In the instant case it is clear that any one of the defendants may have an entirely different defense. It is not the purpose of the rule that numbers of small claims against different defendants can be aggregated to make up the jurisdictional amount. If the rule had intended this, it would have said so. In my judgment it only permits the joinder of defendants where the amount in controversy between the plaintiff and each defendant exceeds $3,000.

In the case of Diepen et al. v. Fernow et al., D.C., from the Western District of Michigan, reported in 1 F. R. D. 378, there were three parties plaintiff claiming damages in various amounts against one defendant. One of the plaintiffs was claiming $3,000, the other two plaintiffs were claiming less than $3,000. The learned District Judge ruled that it was an improper joinder of parties plaintiff because the court was without jurisdiction of the claims of the two plaintiffs who had alleged their respective damages to be less than $3,000. The following quotation from the opinion sets forth discussion had at the Cleveland and Washington Institutes which were held in furtherance of a better understanding of the rules at the time they were adopted.

"In the proceedings of the American Bar Association Institute at Cleveland for discussion of the Rules of Civil Procedure, in

discussing Rule 82, Judge Donworth said, page 355, 'Rule 82, a very important rule: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." So that wherever you have a question arising under a venue statute or under a jurisdictional statute, the rules yield to the statute and there is no conflict. The venue statutes and the jurisdictional statutes are not affected or attempted to be affected.'

"In the proceedings of the Institute at Washington, this rule was commented upon by Dean Clark, as follows page 60: 'We have an important rule toward the end here—Rule 82—which provides that these rules do not either extend or limit the jurisdiction or venue of the federal courts. Of course, these rules, being procedural rules, ought not to change these vitally important questions of policy, of legislative or at times even constitutional policy, between the states and the Federal Government. So in all these matters, where it appears that additional claims of one kind or another, whether counterclaims or third-party claims, are going to raise questions of jurisdiction which cannot be answered, are going to bring in matters over which the court has no jurisdiction, then they cannot be pleaded. You have to read that as an addition to all these rules, that the matter must be within the jurisdiction of the federal courts.'

"In Holtzoff's New Federal Procedure and the Courts, it is said, page 59, 'In view of the limitations on the jurisdiction of the Federal courts, a claim for which Federal jurisdiction is lacking may not be joined with one of which the Federal court has cognizance.'"

Where all the parties defendant have a joint interest in the res in litigation or are jointly and severally bound to discharge an obligation, there is a joint liability or a joint responsibility which makes Rule 20 applicable, but where, as in this case, there are separate and distinct claims against separate individuals even though each of them was represented by the same agent who made an identical contract with a common creditor, there is no joint responsibility or liability and Rule 20 can have no application. To hold otherwise would be to go directly in violation of Rule 82 and construe Rule 20 as extending and enlarging the jurisdiction of the District Court.

I have made an extensive search of the authorities in an effort to find some case directly in point but with the exception of Diepen v. Fernow, supra, I find nothing that I feel would be of value to cite in this memorandum.

It might be pointed out that Moore's Federal Practice, pages 2184, 2185 contain this text:

"If jurisdiction is predicated upon diversity or alienage all the plaintiffs must be able to sue all the defendants. The claims of the parties cannot be aggregated, unless the claims are joint or held in common."

The arguments presented by the Attorney General on behalf of the State of Kentucky are unimpressive. The motions here must be based upon the allegations in the complaint and cannot be enlarged in scope to consider the various statutory provisions permitting the creation of a militia. The complaint makes no claim against any organization but its allegations and itemized statement which it filed are against the individuals named as defendants.

An order sustaining the motion to dismiss the complaint is this day entered.