Wilbur J. SMITH, Plaintiff,

v.

COLUMBIA COUNTY, OREGON, and Warren F. Forsyth, as Sheriff and Tax Collector of Columbia County; Marion County, Oregon, and Denver Young, as Sheriff and Tax Collector of Marion County; Yamhill County, Oregon, and W. L. Mekkers, as Sheriff and Tax Collector of Yamhill County; Multnomah County, Oregon, and Francis M. Lambert, as Sheriff and Tax Collector of Multnomah County; Clackamas County, Oregon, and Fred Reaksecker, as Sheriff and Tax Collector of Clackamas County; Clatsop County, Oregon, and Paul Kearney, as Sheriff and Tax Collector of Clatsop County; Samuel B. Stewart, Carl W. Chambers and S. W. Horn, constituting the State Tax Commission of the State of Oregon, Defendants.

LONGVIEW TUGBOAT COMPANY, a Washington corporation, Plaintiff,

v.

COLUMBIA COUNTY, OREGON, and Warren F. Forsyth, as Sheriff and Tax Collector of Columbia County; Clatsop County, Oregon, and Paul Kearney, as Sheriff and Tax Collector of Clatsop County; Multnomah County, Oregon, and Francis Lambert, as Sheriff and Tax Collector of Multnomah County; Clackamas County, Oregon, and Fred Reaksecker, as Sheriff and Tax Collector of Clackamas County; and Samuel B. Stewart, Carl W. Chambers and S. W. Horn, constituting the State Tax Commission of the State of Oregon, Defendants.

Civ. Nos. 9453, 9527.

United States District Court
District of Oregon.
Sept. 30, 1958.

Mautz, Souther, Spaulding, Denecke & Kinsey and James R. Moore, Portland, Or., for plaintiffs.

Theodore W. deLooze, Asst. Atty. Gen., for defendants.

SOLOMON, District Judge.

Plaintiffs, tugboat and barge operators on the Columbia River, brought these actions against the members of the Oregon State Tax Commission and several Oregon counties and their Sheriffs,[1] for judgments declaring Oregon Revised Statutes 308.505 to 308.660, inclusive, null and void as to plaintiffs and for money judgments representing amounts plaintiffs paid to the counties as taxes under these statutes.

Plaintiffs attack the constitutionality of the taxes which were levied against their business property allegedly domiciled in the State of Washington.

Defendants moved to dismiss against all defendants. Defendants Stewart, Chambers and Horn are the members of the State Tax Commission which assessed the taxes pursuant to the statutes and apportioned the amounts among the several counties. In neither complaint is a claim for relief asserted against any of the members of the Commission. This is not a case to restrain the Commission or its members from taking future action under the statutes. See Georgia Railroad & Banking Co. v. Redwine, 1952, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335. Since their activities were completed following the assessment, and they did not collect or have in their possession any of the taxes paid, there is no claim against the Commission or its members individually. Pacific Fruit & Produce Co. v. Oregon Liquor Control Commission, D.C.Or.1941, 41 F.Supp. 175. Although the members of the Commission are nominal defendants, the State of Oregon is the real party in interest. The State has not consented to be sued in this court. Great Northern Life Insurance Co. v. Read, 1944, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121; Ford Motor Co. v. Department of Treasury of State of Indiana, 1945, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389. The requisite diversity of citizenship is lacking, as the State is not a citizen. Pacific Fruit & Produce Co. v. Oregon Liquor Control Commission, supra. The motion to dismiss is therefore granted as to defendants Stewart, Chambers and Horn.

Defendants moved to dismiss against all counties in which the individual claims are not in excess of $3,000. Plaintiffs maintain that the total amount of the claims against all counties is only one claim and therefore the question of jurisdictional amount does not arise. Each county collected taxes from the

---

1. The Sheriff in each case is also the County Tax Collector.

plaintiffs. The claims are separate and each must meet the requirements as to jurisdictional amount. Walter v. Northeastern Railroad Co., 1893, 147 U.S. 370, 13 S.Ct. 348, 37 L.Ed. 206. The motion to dismiss is granted in the Smith case (Civil No. 9453) against Marion, Yamhill and Clackamas Counties, and the Sheriffs of those counties; and in the Longview case (Civil No. 9527) against Columbia, Clatsop and Clackamas Counties, and the Sheriffs of those counties because the amount sought to be recovered against each of these counties is below the jurisdictional minimum. There is no merit in defendants' claim that each yearly tax bill for each county must exceed the jurisdictional amount. The total payments for each county, covering several years, have already been paid. This is not a case in which future payments are being anticipated.

■ Defendants also moved to dismiss for failure to exhaust administrative remedies. The motion is not appropriate in a case in which plaintiffs claim that the Tax Commission and the counties were acting under an unconstitutional statute. The Commission was bound to assume the validity of the statute under which it acted, and therefore an appeal to it would have been futile. Buder v. First National Bank in St. Louis, 8 Cir., 1917, 16 F.2d 990, certiorari denied First National Bank in St. Louis v. Buder, 274 U.S. 743, 47 S.Ct. 588, 71 L.Ed. 1321; Southern Boulevard R. Co. v. City of New York, 2 Cir., 1936, 86 F.2d 633.

■ Defendants claim that the present action is barred by a case presently pending in the Supreme Court of Oregon. There an appeal was taken from a trial court decision refusing to enjoin collection of some of the taxes in question here. In view of the payments made, it is probably moot now. Pendency of an action in a state court involving some of the same issues is not a bar to proceedings in this court. McClellan v. Carland, 1910, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762.

The motion to dismiss is denied in the Smith case as to Columbia, Multnomah and Clatsop Counties, and the Sheriffs of those counties; and in the Longview case as to Multnomah County and the Sheriff. It is granted as to all other defendants.