**Karen BAJOWSKI, Plaintiff,**

v.

**SYSCO CORPORATION d/b/a Sysco Food Service, Aubrey B. Royal, Daniel W. Moraski, Jr., and John Eisenbeiser, Defendants.**

No. CIV. A. 99–30093–MAP.

United States District Court, D. Massachusetts.

Sept. 25, 2000.

John F. Dalsey, Springfield, MA, for Karen Bajowski, plaintiff.

Robert M. Mack, Morrison, Mahoney & Miller, Springfield, MA, for Sysco Corporation, Aubrey B. Royal, defendant.

Joseph P. Pessolano, Thomas E. Casartello, Kelly, Pessolano, Dusel & Murphy, Springfield, MA, for Daniel W. Moraski, Jr., defendant.

Stephen R. Anderson, Masi & Bruno, Springfield, MA, for John Eisenbeiser, defendant.

*MEMORANDUM REGARDING DE-FENDANT DANIEL W. MORASKI, JR.'S MOTION FOR SUMMARY JUDGMENT*

(Docket No. 22)

PONSOR, District Judge.

## I. *INTRODUCTION*

This diversity action arises out of three different automobile accidents involving plaintiff between 1996 and 1997. Defendant Daniel W. Moraski, who was involved in the second of the three accidents, moves for summary judgment, contending that plaintiff is unable to prove that she incurred more than $2,000 in reasonable and necessary medical expenses as a result of the collision, a threshold requirement under Massachusetts tort law. Mass. Gen. Laws ch. 231 § 6D. For the reasons set forth below, the court will allow Moraski's motion.

## II. *FACTS*

The following facts are supported by the record of this case as developed through discovery. They are viewed, pursuant to Fed.R.Civ.P. 56, in the light most favorable to the plaintiff.

On November 9, 1996, plaintiff was operating her car in Montgomery, Massachusetts. As she was taking a left turn on Montgomery Road, a car operated by defendant John Eisenbeiser hit plaintiff from behind. Plaintiff went to the hospital, complaining of "her typical sciatica pain," a back condition afflicting her previous to the accident. *See* Opposition of Plaintiff, Docket No. 25, Exhibit 3, Medical Record of 11/9/96. She also noted an unusual numbness in her left buttock. *See id.* Over the next few months, plaintiff complained to various medical providers of back and dental conditions that she attributes to the November 9th accident.[1] *See* Plaintiff's Opposition, Docket No. 25, Exhibit 2, at 11/9/96 through 2/27/97.

On July 25, 1997, plaintiff was traveling eastbound on Prospect Avenue in West Springfield. Defendant Daniel W. Moraski was traveling westbound, following behind a truck in such away that obscured his view of oncoming traffic. As Moraski attempted a left turn into his driveway across the eastbound lane, plaintiff's car hit the right-rear passenger side of his car. Plaintiff refused medical treatment at the scene, but later went to the hospital with pain in her neck, cervical strain and spasms in her back, as well as tender shoulder muscles. She was given pre-

---

1. On April 3, 1997, plaintiff was apparently involved in another automobile accident that required medical treatment. The April acci-dent is not at issue in this lawsuit. *See* Plaintiff's Opposition, Docket No. 25, Exhibit 2, at 4/3/97.

scriptions for the pain and spasms, advised to apply heat and massage to her neck, and was referred to a physical therapist. *See* Opposition of Plaintiff, Docket No. 25, Exhibit 4, Medical Record of 7/25/97. On August 5, plaintiff went to the emergency room again, complaining of pain in her trapezius from carrying beach chairs. No medical action was taken at that time. *See* Opposition of Plaintiff, Exhibit 2, at 8/5/97. These two visits to the emergency room cost a total of $175.00.

On August 7, 1997, plaintiff was involved in yet another auto collision, this time with a truck driven by defendant Aubrey Royal and owned by Sysco Corporation. Plaintiff had been traveling east on Mill Street in Springfield, going approximately 35 miles per hour. As she reached the intersection of Mill and Pine Streets, defendant's truck pulled out in front of plaintiff's car. Plaintiff swerved but could not avoid hitting the front of the truck. Plaintiff's airbag deployed, and she had to be extricated from her car. She was taken immediately to Baystate Medical Center by ambulance. There she was diagnosed with contusions, strain of the back and neck, multiple lacerations, and head injury. Her car was totaled.

For the next five months after the August, 1997 crash, plaintiff suffered from persistent back pain, for which she underwent significant therapy and pharmacological treatment. She was also diagnosed with neck pain, headaches, and psychological distress, including post-concussion syndrome, driving phobia, depression, and loss of intellectual functioning. She lost approximately $12,000 in wages between August 7, 1997, and April 1998. She has worked only sporadically since, and claims she is "currently unemployable." *See* Opposition of Plaintiff, Docket No. 25, at 8. This lawsuit seeks compensation from all three alleged tortfeasors—Eisenbeiser, Moraski and Royal/Sysco—for plaintiff's cumulative injuries. As noted, Moraski seeks summary judgment on the ground that plaintiff's damages from his accident

are too minimal to satisfy the state law threshold.

## III. *DISCUSSION*

### A. *Standard of Review*

A court may properly allow a motion for summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir.1993). Initially, the moving party must aver that the nonmoving party lacks evidence to support her claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990). In order to avoid summary judgment, the nonmoving party carries the burden of establishing a genuine issue of material fact as to every element of her case. *See Mesnick v. General Elec. Co.*, 950 F.2d 816, 825 (1st Cir.1991). In determining whether a genuine issue exists for trial, facts and inferences from facts are to be viewed in the light most favorable to plaintiff. *Diaz v. City of Fitchburg*, 176 F.3d 560, 561 (1st Cir.1999).

■ In this diversity action, the court must apply the substantive law of the state in which the cause of action arose. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In this case, all three auto accidents occurred in Massachusetts, so the court must apply Massachusetts substantive tort law.

### B. *The Massachusetts Tort Threshold*

■ Under Massachusetts' scheme of automobile tort liability, a plaintiff may not recover for pain and suffering arising out of a defendant's operation of a motor vehicle unless the reasonable and necessary expenses incurred in treating plaintiff's injury exceed two thousand dollars.[2] Mass.

---

2. "In any action of tort brought as a result of

bodily injury, sickness or disease, arising out

Gen. Laws ch. 231 § 6D. According to the Supreme Judicial Court of Massachusetts, the purpose of this rule is to eliminate damages for pain and suffering in cases not marked by grave injury or serious economic loss, and instead assure prompt compensation through no-fault personal injury insurance. *See Pinnick v. Cleary,* 360 Mass. 1, 5–8, 271 N.E.2d 592 (1971). However, a plaintiff who fails to meet the $2,000 threshold may still sue for damages which are not related to pain and suffering, such as lost wages, to the extent that those damages exceed coverage under the state's personal injury protection program. *See St. Leger v. Agency Rent a Car, Inc.,* No. 9219, 1993 WL 346464 (Mass.App.Div., Sept.3, 1993).

■ Even considering the facts in the light most favorable to plaintiff, the court must conclude that plaintiff cannot prove that the July 25th accident was the cause of more than $2,000 in reasonable and necessary medical expenses. The July 25th and August 5th visits to the emergency room are the only medical expenses fairly attributable to the July 25th crash, and they cost a total of $175.00. The far more serious accident on August 7, only thirteen days after the Moraski crash, in effect, closed off any calculation of damages caused by Moraski. No factfinder, on this record, could attribute medical costs after August 7, 1997, to the July 25 incident without engaging in pure speculation.

■ Plaintiff does not attempt to attribute a specific portion of her post-August 7th medical expenses to the July 25 crash. Rather, she argues that "the consecutive negligence of Moraski and Sysco" caused more than $2,000 in medical expenses, meeting the threshold requirement. *See*

Opposition of Plaintiff, Docket No. 25, at 2. She asks the court to send the case to a jury to either apportion the harm between the defendants individually, or, under Count VII, to hold all three defendants jointly and severally liable for the full amount of her claimed damages.

Plaintiff's first request misapprehends the purpose of the statute, which is to require proof that a plaintiff "incurred" actual medical bills in excess of $2,000 from the accident before she may present her claim for pain and suffering to a jury. Mass. Gen. Laws ch. 231 § 6D. As noted, plaintiff simply cannot meet this condition precedent. The fact that plaintiff might possibly have eventually incurred more than $2,000 in expenses if the August accident had not taken place is of no consequence. Under the plain meaning of the statute, expenses must have actually been incurred—they may not be speculative or hypothetical.[3]

In this regard, though the fact is not dispositive, it is worth noting the far greater magnitude of the August accident and injuries. Plaintiff walked away from the accident on July 25th, refusing medical treatment at the scene. She later presented herself twice to the emergency room with back pain and neck pain, but she returned to work shortly after the accident and did not incur additional medical expenses until the August 7th crash. By contrast, on August 7, plaintiff had to be extricated from her car and was immediately taken by ambulance to the emergency room. She was diagnosed with contusion of the right knee, strain of the neck, strain of the back, and lacerations. Four days later, her doctor reported that plaintiff suffered from intense pain about the

---

of the ownership, operation, maintenance or use of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering ... only if the reasonable and necessary expenses incurred in treating such injury, sickness or disease ... are determined to be in excess of two thousand dollars....'' Mass. Gen. Laws ch. 231 § 6D.

3. "... a plaintiff may recover damages for pain and suffering ... only if the reasonable and necessary expenses *incurred* in treating such injury, sickness or disease ... are determined to be in excess of two thousand dollars...." Mass. Gen. Laws ch. 231 § 6D (emphasis added).

whole left side of her body, and assessed her as having multiple contusions. *See* Opposition of Plaintiff, Docket No. 25, Exhibit 2, 8/7/97 through 8/11/97. For the next five months she was treated continually for back and neck pain by various doctors. She was diagnosed with post-traumatic stress disorder attributed to the August accident, and went to psychological counseling because of anxiety about driving. At her trial against Royal and Sysco, if plaintiff proves negligence and proximate cause, she will be entitled to an award of damages to compensate her for all these injuries, even if she entered the August 7 accident in a somewhat more fragile condition due to the July 25 incident. By recognizing the inability of plaintiff to meet the statutory threshold against Moraski, the court will not deprive plaintiff of a fair opportunity to seek full compensation for her cumulative injuries after August 7, 1997.

■ Alternatively, plaintiff asks the court to allow the Moraski case to go forward on a theory of joint and several liability. She relies principally on the Restatement (Second) of Torts, which provides:

> If the tortious conduct of two or more persons is a legal cause of harm that cannot be apportioned, each is subject to liability for the entire harm, irrespective of whether their conduct is concurring or consecutive.

RESTATEMENT (SECOND) OF TORTS § 879 (1977). Plaintiff alleges that the "successive" car crashes caused by the negligence of the defendants created an indivisible harm to plaintiff in excess of $2,000, so she should be allowed to recover against each jointly and severally. Indeed, plaintiff claims that she need only show that it is more likely than not that the July accident was a "substantial factor" in bringing about her undivided harm to hold Moraski jointly and severally liable for *all* her damages.

Massachusetts tort law does not permit this result. The SJC has required that the negligence of defendants be both concur-

rent and inseparable for joint liability to attach. *See* NOLAN AND SORTORIO, 37A MASSACHUSETTS PRACTICE, TORT LAW 176 ("The litmus test [for joint and several liability] consists of concurrent negligence and inseparable damages.") The SJC has articulated the rule as follows.

> ... if two or more wrongdoers negligently contribute to the personal injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable, they are jointly and severally liable.

*O'Connor v. Raymark Indus., Inc.*, 401 Mass. 586, 591, 518 N.E.2d 510 (1988) (quoting *Chase v. Roy*, 363 Mass. 402, 408, 294 N.E.2d 336 (1973)). Here, the acts of the defendants were not "concurrent"— they were thirteen days apart.

Plaintiff attempts to skirt this limitation of Massachusetts tort law by citing the seemingly more generous language of Restatement § 879, quoted above, which allows joint liability for "consecutive" harms, not merely concurrent ones. But a look at the illustrations accompanying this section reveals that the drafters contemplated "consecutive" harms that were very close in time so as to render a determination of causation impossible; for example, where a plaintiff is injured in an automobile accident and the doctor treating him negligently aggravates the injury. *See* RESTATEMENT (SECOND) OF TORTS § 879 illus. 3 (1977). Plaintiff has not cited, and this court has been unable to locate, a single case in which joint and several liability has been applied in circumstances remotely like those present here. Plaintiff therefore cannot use the doctrine of joint and several liability to overcome her burden to show more than $2,000 in medical expenses.

Because plaintiff cannot show more than $2,000 worth of medical bills from the July accident, Mass. Gen. Laws ch. 231 § 6D will operate to bar her claim for pain and suffering.

### C. *Plaintiff's Additional Claims*

 In her Supplemental Memorandum, plaintiff argues that the effect of ch. 231 § 6D is to bar only her claims for pain and suffering, and not her wage loss claim against defendant Moraski. *St. Leger v. Agency Rent a Car, Inc.*, No. 9219, 1993 WL 346464 (Mass.App.Div., Sept.3, 1993). Although Mass. Gen. Laws ch. 231 § 6D does not bar wage loss claims, such claims must exceed plaintiff's personal injury protection (PIP) coverage to be recognized under Massachusetts tort law. Mass. Gen. Laws ch. 90 § 34M. Plaintiff concedes that she cannot prove that her loss of wages exceed her PIP coverage without resort to the apportionment theories addressed above. *See* Supplemental Memorandum in Support of Opposition, Docket No. 28, at 3. Therefore, for the foregoing reasons, and particularly considering that plaintiff returned to work a short time after the July 25 accident, the court finds that plaintiff has not demonstrated sufficient loss of wages from the July accident to survive summary judgment.

 Plaintiff also submits evidence that the July 25, 1997 accident caused $2,168.23 in damage to her automobile. Although this claim would survive Mass. Gen. Laws ch. 231 § 6D, it is clear to a legal certainty that the amount in controversy would be less than $75,000. 28 U.S.C. § 1332; *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (requiring proof to a legal certainty for court to dismiss claim for failure to meet amount in controversy). Plaintiff also may not aggregate her claim regarding the automobile with those against other defendants in order to reach the required diversity amount, because the claims are separate, not joint and several. *See Walter v. Northeastern R.R. Co.*, 147 U.S. 370, 373, 13 S.Ct. 348, 37 L.Ed. 206 (1893) (holding that plaintiff may not aggregate claims to meet amount in controversy requirement where plaintiff asserts separate claims); *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (stating that aggregation only possible if defendants jointly liable to plaintiff). The court therefore has no diversity jurisdiction over the claim.

### IV. *CONCLUSION*

Plaintiff has failed to offer evidence that would present a genuine issue of material fact on Counts II and VII of her complaint against defendant Moraski. Accordingly, the court will allow defendant Moraski's Motion for Summary Judgment.

A separate order will issue.