## SCHWED v. SMITH.

Certain creditors, who severally recovered judgments against A. amounting in the aggregate to more than $5,000, but none of which exceed that sum, filed their bill against him and B. in the Circuit Court. A decree was passed, subjecting to the payment of the complainants goods seized by virtue of an execution sued out upon an older judgment confessed by A. in favor of B. The amount of that judgment and the value of the goods are each more than $5,000. A. and B. appealed. *Held*, that the value of the matter in dispute between them and the respective appellees is not sufficient to give this court jurisdiction.

MOTION to dismiss an appeal from the Circuit Court of the United States for the Western District of Missouri.

On the 26th of January, 1880, Schwed & Newhouse confessed a judgment in the Circuit Court of Jackson County, Missouri, against themselves, and in favor of Henry Heller, for $9,512.50. Execution was at once issued on this judgment, and levied by Bailey, sheriff of the county, on a stock of goods.

On the 12th of February, 1880, William Smith & Co. had a suit pending in the same court, in their favor, against Schwed & Newhouse for the recovery of $3,829.71, and William C. Greene & Co. another suit for the recovery of $1,012.93. In both the suits attachments were issued and levied on the same goods taken under the execution in favor of Heller, and then in the hands of the sheriff. Smith & Co. and Greene & Co. thereupon brought suit in the same court against Schwed, Newhouse, Heller, and the sheriff, to set aside the judgment in favor of Heller on the ground that it was confessed without any consideration, and for the purpose of covering up the property of Schwed & Newhouse, and hindering and delaying creditors in the collection of their debts. This suit was afterwards removed to the Circuit Court of the United States for the Western Division of the Western District of Missouri. Afterwards judgments were rendered in the attachment suits; that in favor of Smith & Co. being for $4,174.38, and that in favor of Greene & Co. for $1,104.09. In the mean time other creditors of Schwed & Newhouse sued out attachments against

them and recovered judgments; to wit, The Seth Thomas Clock Company for $1,518.49, The E. N. Welch Manufacturing Company for $455.58, and F. Quayle for $356. The attachments in these cases were also levied on the goods in the hands of the sheriff. All the later attaching creditors were admitted as parties to the original suit begun by Smith & Co. and Greene & Co. to set aside the judgment in favor of Heller, and in proper time a supplemental bill was filed in which all the attaching creditors appeared as complainants, setting up the recovery of their respective judgments. Pending the suit the property levied upon was sold, and the proceeds, being $7,405.55, paid into the registry of the court. At the final hearing a decree was rendered declaring the judgment confessed in favor of Heller void as against the attaching creditors. From this decree Schwed, Newhouse, Heller, and Bailey, the sheriff, took an appeal, which the appellees now move to dismiss on the ground that the value of the matter in dispute between the appellants and the several appellees is not greater than $5,000.

*Mr. Enoch Totten* and *Mr. James Botsford* in support of the motion.

*Mr. Mayer Sulzberger* and *Mr. James K. Waddill, contra.*

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

It is impossible to distinguish this case in principle from *Seaver* v. *Bigelows,* 5 Wall. 208, where an appeal by creditors who had joined in a suit to set aside a fraudulent conveyance by their debtor was dismissed because the amounts found due the appellants, respectively, were less than our jurisdictional limit. In delivering the opinion of the court, Mr. Justice Nelson said: " The judgment creditors who have joined in this bill have separate and distinct interests, depending upon separate and distinct judgments. In no event could the sum in dispute of either party exceed the amount of their judgment. . . . The bill being dismissed, each fails in obtaining payment of his demands. If it had been sustained, and a decree rendered in their favor, it would only have been for the amount of the judgment of each." In the present case, the judgment creditors

did succeed, and, in effect, each recovered a decree against Heller, setting aside his judgment so far as it affected them individually. Had they been defeated they could not have appealed, because, although allowed in equity to join in their suit, they had "separate and distinct interests depending on separate and distinct judgments," as well as separate and distinct attachments. But if the decree is several as to the creditors, it is difficult to see why it is not as to their adversaries. The theory is, that, although the proceeding is in form but one suit, its legal effect is the same as though separate suits had been begun on each of the separate causes of action.

The appeal in *Seaver* v. *Bigelows* was from a decree against the creditors, but, in deciding the case, the court, in express terms, adopted the analogous practice in admiralty, where, under certain circumstances, separate and distinct causes of action may be united in one suit, and in that practice it has always been held that the ship-owner cannot unite the separate decrees against him in a suit to make up the amount necessary for our jurisdiction on appeal. That question was fully considered in *Ex parte Baltimore and Ohio Railroad Company*, *ante*, p. 5. Although the effect of the decree is to deprive Heller in the aggregate of more than $5,000, it has been done at the suit of several parties on several claims, who might have sued separately, but whose suits have been joined in one for convenience and to save expense.

*Motion granted.*