113 U.S. 684
 5 S.Ct. 695
 28 L.Ed. 1152
 FOURTH NAT. BANK OF ST. LOUIS
v.
STOUT and others.[1]
 March 16, 1885.
 
 This was a suit in equity, begun by Stout, Mills & Co., judgment creditors of the Yeager Milling Company, to recover from the Fourth National Bank their pro rata share of certain property of the debtor company which was in the hands of the bank. The bank claimed a superior right to the property, and denied its liability to account to creditors therefor. The only questions in the case, as made by the bill, were (1) whether the bank held the property, or the proceeds thereof, in trust for the creditors of the company; and, if so, (2) what was the pro rata share of the complainants? No decree was asked for any more than this share. The bank in its answer did not seek affirmative relief. Upon the hearing, the court found that the bank did hold certain property in trust for the creditors, and sent the case to a master to ascertain the share of the complainants therein. In the interlocutory decree to this effect leave was given other creditors to intervene pro interesse suo for the recovery of their respective pro rata shares of the trust property. Upon the coming in of the master's report a final decree was entered, 'that the said complainants and the several intervenors, severally, have and recover of defendant, the Fourth National Bank of St. Louis, the several sums hereinafter stated, being the several pro rata shares, as ascertained by the said report of the special master pro hac vice, in the assets of the Yeager Milling Company, heretofore found by the interlocutory decree herein of October 30, 1882, to have been wrongfully appropriated by said Fourth National Bank, as follows:
 Stout, Mills & Temple,............ $3,591 32
 Kidder, Peabody & Co.,............. 2,658 72
 R. Hunter, Craig & Co.............. 1,072 26
 Anton Kufike,........................ 749 66
 Merchant's Bank of Canada,........... 391 23
 The First National Bank of Chicago,.. 527 41
 
 
 $8,990 60
 And to have each his several execution therefor, with his costs.' The bill was also dismissed as to all the defendants except the bank, and as to the bank except to the extent of the decree, in favor of the several creditors as above, such dismissal being 'without prejudice to any claims or rights and claims of any defendant, as against each other, connected with the matters set forth in the master's report.' From this decree the bank appealed, and the appellees, the several creditors in whose favor the decree was rendered, now move to dismiss, because the value of the matter in dispute between the bank and the several appellees does not exceed $5,000.
 Mr. B. D. Lee for appllent. - The complainant admits an indebtedness
 from the company to the bank of $120,000, and the proof shows one still greater. The accounting on which the decree is based undertakes to settle this question forever, and the decree from which the appeal is taken confirms that report and settles and adjusts the right of all the parties.
 The cases cases by respondents in their brief, in support of their motion to dismiss, are not applicable to this case. In the case of Schwed v. Smith, 106 U.S. 188, complainants claimed tha the whole fund arising from the sale of the attached property had been obtained, by the defendent, by fraud, and that the defendant had no legal or equitable right to hold the same as against the complainants; whereas in the case at bar, the bill of complaint proceeds upon the theory that the fund appropriated by appellant, was one in which all the creditors, including the appellant, had a common right, and renders an issue which made it absolutely neccessay that the affirmative rights of appellant, as against the milling company and the other defendants, should be determined. And appellant cannot be denied its right of appeal because the court below saw fit, after the adjustment of these rights,to dismiss the suit as to all of the other defendants. The appellant's rights having been raised by the bill, cannot be taken away from it by a dismissal as to the other defendants in a case where the decree in its entirety reaches beyond the mere adjustment of complainants' demand.
 F. N. Judson and John H. Overall, for the motion.
 Mr. Chief Justice Waite delivered the opinion of the court. He recited the facts in the foregoing language, and continued:
 The motion is granted on the authority of Seaver v. Bigelows, 5 Wall. 208, and Schwed v. Smith, 106 U. S. 188; S. C. 1 SUP. T. REP. 221. The appellees have separate and distinct decrees in their favor, depending on separate and distinct claims. If none of the other creditors had intervened, and the decree had been rendered in favor of Stout, Mills & Temple alone, upon their bill as filed, in which they sought to recover only their pro rata share of the assets of their debtor in the hands of the bank, it certainly could not be claimed that an appeal would lie if their recovery was for less than $5,000. The suit was instituted, not for the whole property in the hands of the bank, but only for the complainants' pro rata share. After the suit was begun the intervening creditors were allowed to come in, each for his separate share of the assets. On their intervention the case stood precisely as it would if each creditor had brought a separate suit for his separate share of the fund. The decree in favor of the several creditors has precisely the same effect, for the purposes of an appeal, that it would have if rendered in such separate suits.
 Since the bill was dismissed as to the other parts of the case without prejudice to the rights of the defendants among themselves, the report of the master is binding on the parties only so far as it fixes the amounts due the several appellees. In its effect the decree binds no one except the parties to the appeal in respect to the right of the several appellees to their recovery. Dismissed.
 
 
 [1]
 S. C. 13 Fed. Rep. 802.