6 S.Ct. 772
 117 U.S. 367
 29 L.Ed. 923
 Ex parte PHOENIX INS. CO. OF LONDON, ENGLAND, and others.[1]
 Filed March 29, 1886.
 
 >>
 [Statement of Case from pages 367-369 intentionally omitted]
 W. S. B. Hopkins, for petitioner.
 M. H. Goddard, for respondent.
 WAITE, C. J.
 
 
 1
 The rule is well settled that distinct decrees against distinct parties on distinct causes of action, or on a single cause of action in which there are distinct liabilities, cannot be joined to give this court jurisdiction on appeal. Seaver v. Bigelows, 5 Wall. 208; Ex parte Baltimore & O. R. Co., 106 U. S. 5; S. C. 1 Sup. Ct. Rep. 35; Schwed v. Smith, 106 U. S. 188; S. C. 1 Sup. Ct. Rep. 221; Farmers' Loan & Trust Co. v. Waterman, 106 U. S. 270; S. C. 1 Sup. Ct. Rep. 131; Adams v. Crittenden, 106 U. S. 577; S. C. 1 Sup. Ct. Rep. 92; Hawley v. Fairbanks, 108 U. S. 548; S. C. 2 Sup. Ct. Rep. 846; Fourth Nat. Bank v. Stout, 113 U. S. 684; S. C. 5 Sup. Ct. Rep. 695; Stewart v. Dunham, 115 U. S. 64; S. C. 5 Sup. Ct. Rep. 1163. This is such a case. The suit was brought on a single instrument, by which, as it was adjudged, an agent of the several insurance companies named bound them severally, each for its proportionate share of one-fourth, to insure the property of Mrs. Helen M. Fitton for $12,000, and the decree is against each company separately for its separate obligation under this instrument, to-wit, $3,453.50, and no more. The bill alleged the separate liability of each company, and prayed, in substance, for decrees against them severally for the proportion assumed by each in the contract. Each company answered separately, all setting up the same defenses. Under these circumstances it was right for the circuit court to refuse the allowance of an appeal, and the petition for a mandamus is consequently denied.
 
 
 
 [1]
 S.C. 20 Fed. Rep. 766, and 23 Fed. Rep. 3.