## WISCONSIN CENT. RY. CO. v. PHŒNIX INS. CO. et al.

### (Circuit Court, E. D. Wisconsin. July 20, 1903.)

1. FEDERAL COURT—JURISDICTIONAL AMOUNT—JOINDER OF DEFENDANTS.

Rev. St. Wis. 1898, § 2609a, authorizes the joinder of several causes of action against several insurance companies liable for a single loss under several policies. *Held*, that since, notwithstanding such joinder, the liability of each was separate, and not joint, the federal court had no jurisdiction of such an action where the alleged liability of each insurance company did not exceed $2,000.

### On Demurrer to the Complaint for Want of Jurisdiction.

The complaint charges several insurance companies, as defendants, with liability for a loss by fire arising under their respective policies, namely: (1) On "joint policy of the Insurance Company of North America and the Fire Association of Philadelphia for $3,500, and a loss thereunder stated at $1,236.91; (2) on several policy of said Insurance Company of North America for $3,500, and loss thereunder, $1,236.91; (3) on two policies of Phœnix Insurance Company for aggregate amount of $3,500 and aggregate loss of $1,236.90. The plaintiff withdraws claim, and offers to dismiss as to Phœnix Insurance Company, but insists on jurisdiction for the remaining claim of $2,473.82 against the other two defendants.

Howard Morris and Thos. H. Gill, for plaintiff.
Miller, Noyes & Miller, for defendants.

SEAMAN, District Judge. I am constrained to the view that the complaint states no cause of action of which this court can take jurisdiction, with or without the one set up against the Phœnix Insurance Company. Except for the provisions of section 2609a, Rev. St. Wis. 1898, the joinder of these several causes of action would be unauthorized, either in state or federal court. That provision allows the joinder for convenience where a single loss arises under several policies but the recovery is separate, and not joint. As held in Montgomery v. The American Central Ins. Co., 106 Wis. 543, 545, 82 N. W. 532, judgment thereupon is "a separate and distinct judgment against each company," so that an appeal must be several. Conceding that the statute may be invoked in this court for the joinder of several insurance liabilities against several insurers for the single loss when the controversy as to each is one of federal cognizance, no jurisdiction can be conferred thereby over the several cause of action against either defendant if the alleged liability of such defendant does not exceed $2,000. In other words, while a right of action given by the state statute may be enforced in this court, if the jurisdictional elements appear, the jurisdiction of the federal court cannot be extended thereby beyond the limitations fixed by federal law. Where jurisdiction over the separate causes so united depends upon the amount in controversy, as in the case at bar, the test "is the joint or several character of the liability to the plaintiff." Walter v. N. E. R. Co., 147 U. S. 370, 373, 13 Sup. Ct. 348, 37 L. Ed. 206, and cases cited.

¶ 1. Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

See Courts, vol. 13, Cent. Dig. § 891.

The remark in Schwed v. Smith, 106 U. S. 188, 190, 1 Sup. Ct. 221, 27 L. Ed. 156, is plainly applicable to this complaint: "Although the proceeding is in form but one suit, its legal effect is the same as though separate suits had been begun on each of the separate causes of action." The authorities are uniform in upholding this test (vide Gibson v. Shufeldt, 122 U. S. 27, 7 Sup. Ct. 1066, 30 L. Ed. 1083, and cases reviewed; Ex parte Phœnix Ins. Co., 117 U. S. 367, 369, 6 Sup. Ct. 772, 29 L. Ed. 923), and no departure from the rule can have sanction through consent or for convenience of the parties. So tested, each of the alleged causes of action charges a liability less than $2,000. It is true that one is stated as a joint liability against two of the defendant companies, but the amount so charged is $1,236.91, while a separate liability is also charged against one of said joint insurers for an additional $1,236.91. The contention, however, that the sum of these two liabilities, exceeding $2,000, satisfies the requirement, is untenable, under the authorities cited, as to the other defendant therein, who is liable only upon the joint contract. Jurisdiction of the two causes thus united cannot be exercised without either joint or several liability charged against each insurer for the jurisdictional amount. For want thereof the demurrer must be sustained, and it is so ordered.