**PIONEER COAL CO. v. BUSH et al., and three other cases.**

Nos. 1605, 1574, 1571, 1566.

District Court, E. D. Kentucky, at London.

Sept. 8, 1936.

Cleon K. Calvert, of Pineville, Ky., for plaintiffs Pioneer Coal Co. and Kentucky-Jellico Coal Co.

N. R. Patterson and Low & Bryant, all of Pineville, Ky., for plaintiffs Kentucky Cardinal Coal Corporation.

N. R. Patterson, of Pineville, Ky., for plaintiffs Barker-Straight Creek Coal Mining Co.

Golden & Lay, of Pineville, Ky., for defendants.

FORD, District Judge.

These are common-law actions of ejectment between citizens of different states.

In each of these cases the question for determination is whether the sum or value of the matter in controversy, as disclosed by the record, is sufficient to give this court jurisdiction under section 24 of the Judicial Code, as amended (28 U.S.C.A. § 41), which provides that the district courts of the United States shall have original jurisdiction of all suits of a civil nature, at common law or in equity, between citizens of different states, "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,-000."

The amount of damages sought by the plaintiff, in each case, is in excess of $3,000. Whether the amount demanded in the petition is controlling, in the determination of the value of the matter in dispute, for jurisdictional purposes, depends entirely upon the nature of the case. If the nature of the case, as disclosed by the pleadings, be such that the law provides a rule for the measurement of the value of the matter in dispute, the rule of law applicable to the action must be regarded rather than the plaintiff's demand. As stated by Chief Justice Ellsworth, in the case of Wilson v. Daniel, 3 Dall. 401, 407, 1 L.Ed. 655: "The nature of the case must certainly guide the judgment of the court; and whenever the law makes a rule, that rule must be pursued. * * * Where the law gives no rule, the demand of the plaintiff must furnish one; but where the law gives the rule, the legal cause of action, and not the plaintiff's demand, must be regarded."

Later cases in point are: Vance v. W. A. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111; North American Transp. & Trading Co. v. Morrison, 178 U.S. 262, 20 S.Ct. 869, 44 L.Ed. 1061, and Battle v. Atkinson (C.C.) 115 F. 384, affirmed 191 U.S. 559, 24 S.Ct. 845, 48 L. Ed. 302.

The petition, in each case, asserts that the sum and value of the matter in controversy exceeds $3,000, exclusive of interest and costs. However, section 37 of the Judicial Code (28 U.S.C.A. § 80) provides that: "If in any suit commenced in the district court * * * it shall appear to the satisfaction of the said district court, at any time after such suit has been brought, * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court * * * the said district court shall proceed no further therein, but shall dismiss the suit." Under this section of the Judicial Code "the trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, inquire into the facts as they really exist." Wetmore v. Rymer, 169 U.S. 115, 120, 18 S.Ct. 293, 295, 42 L.Ed. 682.

It appears from the pleadings that the plaintiff, in each of these cases, is the owner of a large body of land in Eastern Kentucky upon which it has carried on extensive coal mining operations and, in connection therewith, it owns and maintains upon its lands certain dwelling houses for the use of its employees and their families. In each case the plaintiff has joined a large number of individuals as defendants, each of whom is in possession of one of said houses pursuant to a separate lease contract which specifically identifies the property leased thereunder, and fixes the terms and conditions of each individual tenancy. Each defendant is a tenant of the plaintiff and, as such, holds only the property covered by his particular lease contract. By this contract alone the rights and liabilities of both the landlord and the tenant are necessarily governed. Neither joint holding nor joint liability exists on the part of any of the defendants. It is obvious that the object of the action is to dispossess these tenants of the property held by them under their respective lease contracts and to recover against each of them the damages accruing as the result

of their alleged failure to surrender possession in accordance with the terms of their respective contracts.

Instead of pursuing the statutory procedure known as "forcible detainer" against each tenant, the plaintiffs have elected to seek the relief desired by joining all tenants as defendants in one common-law action of ejectment.

■ It is argued by the defendants that in an action for such relief, as between landlord and tenant, the statutory proceeding of "forcible detainer" is exclusive and entirely supplants the common-law action of ejectment as a remedial procedure available to a landlord against his tenant, and consequently the disclosure of the relationship of landlord and tenant between the parties converts the action into the statutory proceedings of "forcible detainer," to be governed by the statutory rules of procedure applicable thereto. This contention seems untenable. The obvious effect of legislation, creating the so-called proceedings of "forcible entry and detainer," is to make available an additional form of procedure affording a more prompt and convenient method of determining the questions involved. It is not an exclusive remedy substituted in the place of ejectment, but is merely an additional method of procedure.

■ When it appears, however, that the action of ejectment arises entirely out of the contractual relationship of the parties as landlord and tenant, by the very nature of that relationship the matter in controversy is limited to the value of the possession and the action is divested of all elements involving title. This curtailment of issues and subject matter does not depend upon nor arise from a disclaimer of title contained in the tenant's responsive pleading, but is the result of the long established and universally accepted doctrine of public policy that a tenant may not deny or question the title of his landlord. 16 R.C.L. § 137.

■ The measure of the liability of a tenant who wrongfully detains the leased premises beyond the expiration of his term is fixed by section 2293 of the Statutes of Kentucky at "double the rent he would have otherwise been bound to pay, to be computed from the time he should have surrendered possession." This statutory measurement of liability, being a local matter and clearly within the permissible scope of state legislation, is controlling upon the federal court sitting in the state. R.S. § 721 (28 U.S.C.A. § 725); Mason v. United States, 260 U.S. 545, 43 S.Ct. 200, 67 L. Ed. 396.

■ The pleadings contain no allegation that the value of the possession of the property sought to be recovered, or that the amount for which the defendants are liable, separately or in the aggregate, under the terms of this statute, would exceed $3,000. It is obvious that the conclusion as to value asserted in the petitions takes into account the title value and is not limited to the value of the possession. In the case of Wetsel v. Empire Gas & Fuel Co., 264 F. 865, 869 (C.C.A.5), the court said: "Controlling decisions show that, in determining whether a jurisdictional requirement as to the sum or value of the matter in controversy is met, there should not be taken into consideration the value of a thing about which, under the issues in the suit, the court is not called on to concern itself in any way."

The statement of the court in the case of Elliott v. Empire Natural Gas Company (C.C.A.) 4 F.(2d) 493, 494, that "a general allegation under such circumstances that the amount in controversy exceeds the jurisdictional requirement is of no avail," is applicable here.

■ Even if under the rule of practice prevailing in Kentucky the plaintiff may properly join in a single action of ejectment several defendants in possession, although they hold distinct and separate parts of the premises (Bryant v. Stephens, 82 S.W. 423, 26 Ky.Law Rep. 718), it does not follow that, for the purpose of establishing federal jurisdiction, the jurisdictional amount may be made up by aggregating the possessory values of the separate holdings of all defendants. The statement of the court in the case of Schwed v. Smith, 106 U.S. 188, 190, 1 S.Ct. 221, 222, 27 L.Ed. 156, is applicable: "Although the proceeding is in form but one suit, its legal effect is the same as though separate suits had been begun on each of the separate causes of action." The same test has frequently been applied in determining the jurisdictional requirement as to amount in cases where similar rules of practice have been invoked to warrant joining in a single action several plaintiffs or several defendants having no common interest and subject to no joint liability. Ex Parte Phœnix Insurance Company, 117 U.S. 367,

6 S.Ct. 772, 29 L.Ed. 923; Gibson v. Shufeldt, 122 U.S. 27, 7 S.Ct. 1066, 30 L.Ed. 1083; Citizens' Bank of Louisiana v. Cannon, 164 U.S. 319, 17 S.Ct. 89, 41 L.Ed. 451.

In the case of Walter v. Northeastern Railroad Company, 147 U.S. 370, 13 S.Ct. 348, 349, 37 L.Ed. 206, the jurisdiction of the court below was questioned upon the ground that the matter in controversy with each of the defendants was less than the jurisdictional value, which at that time was $2,000. The court said:

"Is the plaintiff entitled to join them all in a single suit in a federal court, and sustain the jurisdiction by reason of the fact that the total amount involved exceeds $2,000? We think not. It is well settled in this court that when two or more plaintiffs, having several interests, unite, for the convenience of litigation, in a single suit, it can only be sustained in the court of original jurisdiction, or on appeal in this court, as to those whose claims exceed the jurisdictional amount, and that, when two or more defendants are sued by the same plaintiff in one suit, the test of jurisdiction is the joint or several character of the liability to the plaintiff. * * *

"In short, the rule applicable to several plaintiffs having separate claims, that each must represent an amount sufficient to give the court jurisdiction, is equally applicable to several liabilities of different defendants to the same plaintiff."

Considering the nature of these cases, as disclosed by the whole record in each case and in the light of the authorities referred to, the conclusion seems inescapable that the possessory value of the property held by each individual defendant must be regarded as the value of the matter in controversy in determining federal jurisdiction.

In the case of Pioneer Coal Company v. Elmer Bush et al. No. 1605, the answer properly puts in issue this question of amount, and the demurrer thereto should be overruled.

In the case of Kentucky Jellico Coal Company v. Alonzo Chitwood et al., No. 1574, the demurrer to paragraphs I, II, and III of the answer should be overruled for the same reason. As to the defenses set up in paragraph IV of the answer in this case, the demurrer should be sustained.

In the cases of Kentucky Cardinal Coal Corporation v. William Brown et al., No. 1566, and Barker-Straight Creek Coal Mining Company v. Nathan Earl et al., No. 1571, the petitions fail to sufficiently allege that the value of the matter in controversy meets the jurisdictional requirement; the special demurrer to the petition in each case should be sustained.