Nicholas John POSSIDENTI and Rose M. Possidenti, his wife,

v.

MECHANICS AND TRADERS INSURANCE COMPANY, a body corporate of the State of Connecticut,

and

Old Colony Insurance Company, a body corporate of the State of Massachusetts.

Civ. A. No. 8590.

United States District Court
D. Maryland, Civil Division.

Dec. 22, 1955.

Albert L. Sklar, Baltimore, Md., for plaintiffs.

Charles Markell, Jr., Markell, Veazey & Gans, Baltimore, Md., for defendants.

CHESNUT, District Judge.

In this case the plaintiff sued the defendants, two Insurance Companies, for windstorm damage occurring during the hurricane known as "Hazel" on or about October 1954, in the Circuit Court for Anne Arundel County, Maryland. The case was removed to this court by the defendants on the ground of diversity of citizenship. The plaintiffs have filed a motion here to remand the case to the State court. The question presented is whether, on the pleadings, there is the requisite amount of over $3,000 in controversy.

In the declaration filed by the plaintiffs in the State court they claimed $5,000 damages; but in the declaration it was alleged that the two Insurance Companies had separately and respectively issued their policies to the plaintiffs each in the amount of only $2,500. In the plaintiffs' motion to remand it is stated that the total amount that could be recovered by the plaintiffs in this action against the defendants, or either of them, does not exceed the sum of $2,051.50. It was stated without contradiction by counsel in the argument that the plaintiffs had originally filed proofs of loss with the two Companies respectively claiming in the aggregate from both only $371.50, but that subsequently the plaintiffs had claimed an additional sum in the aggregate of $1,680 on account of windstorm damage to a retaining wall and steps, as to which latter items the defendants denied liability under their policies.

█ As it now appears that the plaintiffs could not under any circumstances recover in the aggregate more than $2,051.50, the plaintiffs contend that even if the case had been properly removed to this court at the time of its removal, nevertheless it would be necessary at an ensuing trial to dismiss the case for lack of jurisdiction on the ground that it in-

volves an amount less than $3,000, exclusive of interest and costs. There are some decisions to that effect. Turmine v. West Jersey & Seashore R. Co., D.C. E.D.Pa.1930, 44 F.2d 614; Application of Hardware Mut. Fire Ins. Co., 9 Cir., 1937, 91 F.2d 13. But in my opinion the better view very generally sustained by the federal courts is that the propriety of the removal from the State to the federal court depends upon what is claimed by the plaintiffs in their complaint in the State court; and if it appears therefrom that there was the requisite amount of more than $3,000 in controversy the removal when made is effective and the case should not be remanded on account of matters subsequently appearing in the federal court. See Rose on Federal Jurisdiction and Procedure, 5th Ed., § 422 (a); St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

█ However I conclude that the motion to remand must be granted because it appears from the plaintiffs' declaration in the State court that, while the ad damnun clause is in the amount of $5,000, only $2,500 is demanded from each of the two defendants respectively. Therefore the precise point of federal procedure here involved is whether, when a plaintiff sues several defendants but claims less than $3,000 against each, federal jurisdiction can be established by aggregating two or more single claims against several defendants where no one of the defendants is individually sued for more than $3,000.

Where the jurisdiction of the federal court is based only on diversity of citizenship there must be an amount in controversy exceeding $3,000 exclusive of interest and costs. 28 U.S.C.A. § 1332(a). And a suit in the State court, although between diverse citizens, can be removed to the federal court on that ground only where the federal district court would have had original jurisdiction of the case by reason of the requisite amount in controversy. 28 U.S.C.A. § 1441(a).

What will constitute a sufficient amount in controversy in particular cas-

es has been the subject of many judicial decisions. In general it may be said that the requisite amount does not appear unless there is really a controversy in pecuniary amount of more than $3,000 by a plaintiff against some one defendant. Dobie on Federal Procedure, § 58. While a single plaintiff may aggregate several separate claims against the same defendant to constitute a controversy involving more than $3,000, it is only a very exceptional case in which a single plaintiff can be permitted to aggregate separate claims against several defendants to show an amount in controversy of more than $3,000. Provident Mut. Life Ins. Co. v. Parsons, 4 Cir., 1934, 70 F.2d 863.

Many years ago in an opinion by Chief Judge Waite, speaking for the Supreme Court, it was held, at a time when the appellate jurisdiction of the Supreme Court was limited to cases involving $5,000 or more, that the appeal of four separate insurance companies, each of which had been found liable in an amount of $3,000, had to be dismissed for lack of jurisdiction because their liabilities were single and respective and not joint. Ex parte Phoenix Ins. Co., 117 U.S. 367, 6 S.Ct. 772, 29 L.Ed. 923. See Wisconsin Cent. Ry. Co., v. Phoenix Ins. Co., C.C. E.D.Wis.1903, 123 F. 989, where it was held under a factual situation somewhat closely analogous to the instant case that there was not the requisite amount in controversy.

It may be noted that the determination of whether there is a requisite amount in controversy may often be made more difficult now in view of the comparatively recent expansion of permissible joinder of parties under both Maryland state and federal practice in civil actions. Under common law procedure a plaintiff could not sue two defendants jointly unless there was a joint obligation, but now under both Maryland and federal civil actions a plaintiff or plaintiffs may sue several defendants although the latter may be only singly liable. Gen.Rules of Practice & Procedure of the Court of Appeals of Maryland, Part 2, III Joinder of Parties and Claims, Rule 2(d): Federal Rules of Civil Procedure No. 20(a), 28 U.S.C.A. But despite this present great liberalization in pleading it is necessary to carefully examine the plaintiff's declaration or complaint in order to determine whether there is the requisite federal jurisdiction to sustain an original suit in the federal court or to authorize a removal from the State court.

I conclude therefore that the motion to remand be and the same is hereby granted.