**James O. RICCARDI and Sam Snead School of Golf, Inc., a corporation, Plaintiffs,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, an insurance corporation, and Zurich Insurance Company, an insurance corporation, Defendants.**

Civ. A. No. 14241-4.

United States District Court
W. D. Missouri, W. D.
March 19, 1963.

A. C. Popham, Sr., Donald W. Johnson, Kansas City, Mo., for plaintiffs.

Knipmeyer, McCann & Millett, by Glenn E. McCann, Kansas City, Mo., for defendants.

BECKER, District Judge.

This action was originally filed in the Circuit Court of Jackson County, Missouri, at Kansas City, on December 7, 1962. It was removed to this Court on the ground of alleged diversity of citizenship by the defendants United States Fidelity & Guaranty Company (U.S.F. & G.) and Zurich Insurance Company (Zurich) on February 5, 1963. The plaintiffs have filed a motion to remand to the Circuit Court of Jackson County, Missouri, on the ground that this Court has no jurisdiction of this action claiming:

(1) "The amount in dispute separately claimed against separate insurers under separate and distinct policies of fire insurance does not, and at the time said cause was removed from the state court did not, exceed the sum or value of $10,000, exclusive of interest and costs;

(2) "The petition for removal was filed after the right of defendants to remove the cause had expired;

(3) " * * * defendant United States Fidelity & Guaranty Company while in default and without leave of court submitted itself to the jurisdiction of the state court by filing its motion to dismiss on January 17, 1963, and the same was overruled by the court on January 30, 1963. * * *"

In Count I of the petition the plaintiffs seek to recover from U.S.F. & G. the balance of $3,333.33 claimed to be due upon a fire insurance policy in the principal amount of $20,000 issued to the plaintiff Riccardi and covering the contents and building located at 7912 Wornall Road in Kansas City, Missouri. In Count I penalties and attorney's fees are claimed in the sum of $1,433.33. The total recovery sought in Count I is $4,766.66 exclusive of interest and costs.

In Count II of the petition the plaintiff Sam Snead School of Golf, Inc.,

seeks to recover from Zurich the balance of $6,666.67 claimed to be due upon a fire insurance policy in the amount of $40,000 issued to him and covering the same business building and contents described in Count I. In Count II penalties and attorney's fees are claimed in the sum of $2,866.67. The total recovery sought in Count II is $9,533.34 exclusive of interest and costs.

The complaint in Count I explains that the building and contents belonged to plaintiff Riccardi at the time U.S.F. & G. issued the policy sued on, but was later transferred to the corporate plaintiff with the knowledge of the insurer; that plaintiff Riccardi was president and principal stockholder of the corporation and had an insurable interest in the property at the time of the loss. Partial payments on both policies are alleged in the respective counts.

The motion to remand can be disposed of by a ruling on the first ground stated in plaintiff's motion to remand, namely, that the amounts claimed in Counts I and II of the petition cannot be aggregated for the purpose of obtaining the requisite jurisdictional amount and that therefore the amount involved does not exceed $10,000 exclusive of interest and costs.

The contention of the plaintiffs is that

"Separate and distinct policies of fire insurance were issued in this case by separate insurers covering the same property. The amount separately claimed in Count I of the petition against defendant insurer U.S.F. & G. Co. is less than $5,000.00, and the separate claim asserted in Count II of the petition against the second defendant under its policy is less than $9,900.00.

"The liability of the two insurers is 'several' and not 'joint' and this Court is without jurisdiction where the amount claimed against each insurer is less than the sum of $10,000.00 exclusive of interest and costs."

The contention of the defendants is that

"The plaintiffs have voluntarily joined in one petition their alleged claims against the defendants. It is conceded by the defendants that the claims arise by virtue of two separate policies of insurance, one issued by each of the defendants, but the defendants bring to the Court's attention that the policies insure the same plaintiffs for the same risks of loss on the same building. Further, that each policy provides for pro rata liability between companies in the event of a loss where additional insurance is secured by an insurer. It therefore becomes apparent that the claims are so intermingled and interdependent that aggregation should be permitted to confer jurisdiction."

In support of their contention defendants cite American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; Board of Education, etc. v. Hartford Fire Insurance Co. (D.N.J.), 105 F.Supp. 697; Leonards Co. v. Ohio Insurance Co. (S.D.Ohio), 182 F.Supp. 340. However none of these cases support the contention of the defendants. Each involved the question of whether a suit based on a single wrong, but involving claims against multiple insurers, one or more of whom was a resident of plaintiff's state, was properly removable under Title 28 U.S.C.A. § 1441(c) by the non-resident defendants. Each held that such cases were not removable under section 1441(c) because where there was a single wrong to the plaintiff, for which relief was sought, arising from an interlocked series of transactions, there was no separate and independent claim or cause of action under 1441(c).

These cases are not authority for the proposition that, in a suit based on a single wrong but involving separate claims against multiple insurers, the claims can be aggregated to arrive at the amount necessary to invoke the jurisdiction of the federal courts on removal.

When several plaintiffs have separate claims against a single defendant each claim must represent an amount sufficient to give the federal court jurisdiction. 1 Moore, Federal Practice ¶ 0.97 [3], pp. 889–93. When a single plaintiff has separate claims against several defendants each claim must represent an amount sufficient to give the federal court jurisdiction. 1 Moore, Federal Practice ¶ 0.97 [2], pp. 886–89. When several plaintiffs join in the same action to sue several defendants on separate claims each claim must represent an amount sufficient to give the federal court jurisdiction. 1 Moore, Federal Practice ¶ 0.97 [4], p. 894. In none of these three situations can the separate claims be aggregated to arrive at the jurisdictional amount. Walter v. Northeastern R. R. Co., 147 U.S. 370, 373, 13 S.Ct. 348, 349, 350, 37 L.Ed. 206, l. c. 208, wherein it is stated:

"It is well settled in this court that when two or more plaintiffs, having several interests, unite for the convenience of litigation in a single suit, it can only be sustained in the court of original jurisdiction, or on appeal in this court, as to those whose claims exceed the jurisdictional amount; and that when two or more defendants are sued by the same plaintiff in one suit the test of jurisdiction is the joint or several character of the liability to the plaintiff * * *. In short, the rule applicable to several plaintiffs having separate claims, that each must represent an amount sufficient to give the court jurisdiction, is equally applicable to several liabilities of different defendants to the same plaintiff."

See also, Niagara Fire Ins. Co. v. Dyess Furniture Co. (C.A.5), 292 F.2d 232; Hackner v. Guaranty Trust Co. (C.A.2), 117 F.2d 95; Brown v. Bodak (S.D. N.Y.), 188 F.Supp. 532 (all involving separate claims by several plaintiffs);

In the Matter of Phoenix Ins. Co., 117 U.S. 367, 6 S.Ct. 772, 29 L.Ed. 923; Jewell v. Grain Dealers Mutual Ins. Co. (C.A.5), 290 F.2d 11, l. c. 13, where it is stated that the rule is applicable to suits against two or more insurance companies, each of which has separately insured against a stated risk for a sum less than the jurisdictional amount; Smith v. Abbate (S.D.N.Y.), 201 F. Supp. 105 (all involving claims against several defendants); 1 Moore, Federal Practice ¶ 0.97, pp. 882–94.

Rule 20 of the Federal Rules of Civil Procedure governing permissive joinder, as limited by Rule 82 of the Rules, does not change this rule. Smith v. Abbate (S.D.N.Y.), 201 F.Supp. 105, l. c. 109–110.

It is apparent that in this cause several plaintiffs are suing several defendants on separate claims under separate policies of insurance on the same property. Under the rule of the cases cited above, the amount of the separate claims cannot be aggregated to arrive at the jurisdictional amount. No authority has been cited to demonstrate that the fact that both defendants insured the same property alters the rules stated herein. In fact the rule here followed was applied in In the Matter of Phoenix Ins. Co., 117 U.S. 367, 6 S.Ct. 772, 29 L.Ed. 923, where four insurance companies insured the same property each for a proportionate share of one fourth. Recently in a suit involving several insurers of proportionate parts of the same risk, aggregation of amounts claimed from the separate insurers was denied. Niagara Fire Ins. Co. v. Dyess Furniture Co. (C.A.5), 292 F.2d 232. Since neither of the claims herein exceeds the jurisdictional amount, it is

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County, Missouri, at Kansas City.